## CAMPBELL v. TEXAS & P. RY. CO. et al.
### No. 5645.

Court of Appeal of Louisiana.   Second Circuit.

June 1, 1938.

George T. McSween, Louis Lyons, and J. N. Marcantel, all of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer and John B. Files, all of Shreveport, for appellees.

DREW, Judge.

Plaintiff instituted this suit against the Texas & Pacific Railway Company and Mr. and Mrs. O. G. Lynch, alleging he was injured and damaged in a collision between the automobile he was driving and a car driven by Mrs. Lynch.

He alleged that on October 13, 1936, about one o'clock P. M., he was driving south on the Shreveport-Belcher road, and when about ten miles north of Shreveport, stopped at a filling station and store operated by Mr. Wilbur Sibley, for the purpose of getting a coca-cola. While stopped his car was parked near a gasoline pump used by the said station in its business; that while inside the store he noticed a fire on the right of way of defendant had begun to shoot flames across the highway, which was adjacent to the right of way and west of it; that the flames and sparks were blowing in the direction of his car and the gasoline pump; and that realizing the danger of a possible explosion, plaintiff entered his automobile and drove away in the direction of Shreveport, or south. He further alleged that, being almost blinded by the smoke on the highway, he drove slowly to the extreme right of the road and turned on his lights; that after driving in the smoke cloud about 100 yards, his car was run into head-on by a Chevrolet sedan owned by O. G. Lynch and driven by Mrs. O. G. Lynch.

Plaintiff alleged that the accident was caused by the gross negligence of the Texas & Pacific Railway Company in setting fire to the grass and weeds on its right of way at a time when the smoke and flames would be blown across the road; and the gross negligence of Mrs. Lynch in driving on the left side of the road and in entering the smoke screen across the highway when she could have stopped her car before entering it, and could have turned off on a side road, if necessary, and waited until the smoke had cleared the highway.

The Texas & Pacific Railway Company denied any negligence on its part and alleged that the collision was caused by the negligence of plaintiff in leaving a place of safety and unnecessarily traveling on the main highway into the smoke screen without being able to see or ascertain the presence of another vehicle, together with the negligence of Mrs. Lynch in driving into the smoke screen and on her left side of the road.

In the alternative, it pleaded the contributory negligence of plaintiff, as above set out.

O. G. Lynch answered, denying any negligence; denying he was operating the car

or that his wife was operating it for his benefit, and averred that the accident was the result of the gross negligence of plaintiff in operating his car on the highway when his view was so clouded by fire and smoke that he could not see beyond the distance reflected by his headlights; and in proceeding down a public highway so blinded by fire and smoke, when there was a perfectly safe road immediately south of the filling station where he had stopped. He alleged that the accident was the result of the concurring negligence of plaintiff and the Texas & Pacific Railway Company.

Mrs. Lynch answered, denying any negligence on her part; alleging that the accident was caused by the negligence of the Railway Company in setting fire to the grass and weeds on its right of way under the then existing circumstances and conditions, and plaintiff's negligence in driving his car through the smoke and fire when he had a safe way to avoid same. She alleged she was driving north on the highway at a moderate rate of speed when she was suddenly confronted with the fire and smoke from the right of way. Mrs. Lynch reconvened against plaintiff for damages caused her by said accident.

The lower court rejected plaintiff's demands and also rejected the reconventional demand of defendant, Mrs. Lynch. Plaintiff has perfected an appeal to this court. Defendant Mrs. Lynch neither appealed nor answered the appeal. Therefore, the only issue before us is whether or not plaintiff is entitled to recover.

Some eight or ten days prior to October 13, 1936, the grass and weeds had been cut along the railroad company's right of way. On that day at one o'clock P. M., a section gang, composed principally of Mexicans, started setting fire to the weeds and grass which were then thoroughly dry. They began a short distance north of a dirt road which crossed the railroad track at a point several hundred yards north of where the highway crosses the railroad. From this place north to a point a short distance north of the Sibley filling station, a distance of several hundred yards, the grass was fired. The section gang all testified that when they started firing the grass, the wind was blowing from the west and carried the smoke away from the road, but by the time the fire had been set to the grass up to a point slightly north of the Sibley filling station, the wind switched and began to blow from the east carrying the smoke and flames across the highway. As

soon as the wind changed from west to east, they ceased firing the grass and began to put out the fire with brush tops and, within less than ten minutes thereafter, all the fire was out.

Mr. Cronk, of the Weather Bureau, testified that his records showed that between one and two o'clock on October 13, 1936, the wind was blowing from the southeast at a velocity of about nine or ten miles per hour. The accident occurred between one and one-thirty P. M. If the wind was blowing across the road at the time the fire was started, it was negligence for defendant to have set fire to the grass. However, it is unnecessary to pass on the negligence of the Railway Company, for if we should hold it negligent, it would avail plaintiff nothing for his own contributory negligence is clearly a bar to his recovery.

Just south of the Sibley filling station is an open dirt road leading off to the west and away from the highway. This road makes a loop of about two miles and comes back into the highway about half a mile south of the filling station. The fire and smoke only extended a short distance north of the filling station. At the time plaintiff got in his car to leave the station, the smoke was not very thick or heavy there. Visibility was good for about 150 feet. However, south of the station, a distance of 100 yards or more, the fire was raging and the smoke very dense over the highway. There was nothing to prevent plaintiff from seeing these conditions. His companion in the car with him saw it. Plaintiff should have remained where he was until the smoke cleared, but if he was afraid of injury to himself or damage to his car, as he contends, then he should have gone away from the fire and smoke and not into the thick of it, as he did. He could have taken the dirt road and made the loop or he could have driven out on this road away from the fire and smoke and waited until it had cleared the highway, which it did in less than ten minutes. He could have turned and driven north on the highway a short distance and been clear of it all. Instead of doing any of these things, plaintiff deliberately drove into the very thick of the fire and smoke. He traveled some 100 feet or more in the smoke, which was so thick he could not see the front of his car. He was traveling from twelve to fifteen miles per hour under these conditions when the collision occurred. The record, we think, shows that plaintiff did not turn on his headlights nor sound his horn. He was

driving blinded. Plaintiff contends that he remained on his right side of the road and that Mrs. Lynch was on her left. We think this is true, however, either was liable to have been anywhere on the road for neither could see. If he had kept to his right side, it was purely accidental because he could not see the road and could not know on what part of it he was driving. It is immaterial to a decision of the case whether plaintiff was on his right or left side of the road, under the then prevailing conditions.

We are of the opinion that Mrs. Lynch was just as negligent as plaintiff in entering this smoke screen when she had every opportunity to stop and wait until it cleared; and the negligence of the two, if not the proximate cause of the accident, was a contributing proximate cause.

The jurisprudence of this state, we think, is well settled on this proposition of law. Cases in point are as follows: Dominick v. Haynes Bros., 13 La.App. 434, 127 So. 31; Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586. Also see Fannin v. Minnesota Railway Company, 185 Wis. 30, 200 N.W. 651.

We find no error in the judgment of the lower court and it is affirmed, with costs.