No. 3698

**Second Circuit**

---

**DOMINICK v. HAYNES BROS. ET AL.**

---

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)
(June 2, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

---

C. B. Prothro, of Shreveport, attorney for plaintiff, appellant.

Spearing & Mabry, of New Orleans, and Pugh, Grimmet & Boatner, of Shreveport, attorneys for defendants, appellees.

DREW, J. This is an action for damages to plaintiff's truck, received in a collision with defendants' car. Plaintiff alleges, and the facts show, that at the location of the collision the highway was obscured by a heavy smoke from burning grass on the roadside. The petition further alleges, and the facts show, that before entering the smoke both drivers were stopped by road guards and instructed to turn on their lights, drive slowly, and keep to the right side of the road. Plaintiff's car was going north on the road and defendants' car was coming south on the same road. The smoke obscured the road for several hundred feet and the collision occurred about midway. Plaintiff alleges that the collision was due solely to the negligence of defendants in operating their car on the wrong side of the road. Defendants deny liability and plead contributory negligence in bar of plaintiff's recovery.

The road was what is known as a macadam or hard surface road, eighteen feet wide, with three-foot shoulders on each side of the macadam. Both cars were burning their headlights and both cars were traveling at about the same rate of speed, that is, fifteen or twenty miles an hour, too fast under the circumstances. The driver of defendants' car testified that he could not see, was blinded by the smoke, and the driver of plaintiff's car testified that he could not see defendants' car, although its lights were burning, until it was ready to collide with his car. It is clear that neither driver could see but a few feet ahead.

It is true that the collision occurred on plaintiff's side of the road, the left wheel of defendants' car being about two feet over the center of the road on plaintiff's side. However, there were seven feet of macadam and three feet of gravel shoulder from that point to the ditch on the right-hand side of the road and sufficient room for plaintiff to have turned to the right and missed defendants' car if he could have seen it. Both parties undoubtedly entered the smoke on their right side of the road. The testimony shows that the dense smoke across the road only lasted for a few minutes and that a very short time after the accident the smoke had cleared away to a great extent. It was negligence for both drivers or either of them to enter the smoke screen that prevented them from seeing any appreciable distance ahead. It was also negligence to drive at a rate of speed of fifteen miles per hour after having entered the smoke.

The facts of this case, including the width of the road and all, are very similar to the case of Castille vs. Richard, 157 La. 274, 102 So. 398, 37 A. L. R. 586, in which the court held:

"Drivers of automobiles on narrow road approaching in opposite directions, who failed to stop until impenetrable cloud of dust raised by third automobile in passing one of them had subsided, held negligent."

The court in this case held both parties negligent and rejected their demands.

"It is the duty of the driver of an automobile to stop his car when his vision is entirely obscured by a temporary obstruction, such as a cloud of dust or smoke screen. When failure to do so would jeopardize the safety of others, then he must remain at a standstill until the obstruction has come to an end." Blashfield's Encyclopædia of Automobile Law, vol. 1, p. 370.

The law of comparative negligence is not recognized in this state, and when one by his own acts of negligence contributes to the accident he is barred from recovery.

The lower court held that the plaintiff was guilty of contributory negligence and rejected his demands. We see no error in the judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.

Cost of appeal to be paid by plaintiff, appellant.