## OUTMAN v. IMPERIAL OIL & GAS PRODUCTS CO.

### No. 4375.

Court of Appeal of Louisiana. Second Circuit.

Dec. 16, 1932.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

George W. Lester, of Monroe, for appellee.

McGREGOR, J.

Plaintiff sues the defendant for damages caused by a head-on collision between his Chevrolet coupé driven by himself and a Ford coupé belonging to the defendant and driven by its agent while in the discharge of his duties and in the course of his employment.

Plaintiff was proceeding north on the road from Monroe to Sterlington, while the defendant's car was being driven south on the same road. This road at the time of the accident was what is commonly known as a dirt road, was ungravelled, and extremely dusty.

While plaintiff was proceeding north along this road, he met a large truck coming south. This truck, in the course of its progress, raised such a cloud of dust as to absolutely obscure the vision of the plaintiff, and for this reason he, the plaintiff, reduced his speed from twenty-five miles per hour to ten miles per hour, and continued driving as cautiously as he knew how. Immediately behind the truck the defendant's car was coming, meeting the plaintiff. In spite of plaintiff's reduced speed, there was a collision between the two. It is unnecessary to state or determine from the pleadings whether this collision occurred while the driver of defendant's car was attempting to pass the truck that had raised the dust, or if the truck had passed plaintiff's car. In plaintiff's petition it is alleged that:

"Petitioner further shows that the road was ungravelled and dusty, and the truck, which petitioner met and was in the act of passing when the collision occurred, was raising a dense cloud of dust; so much so as to obscure the vision of your petitioner and also that of anyone following behind said truck; and, for that reason, your petitioner slowed the speed of his car to about ten (10) miles per hour before attempting to pass said truck.

"Petitioner further shows that he was driving on his right-hand side of the road when meeting and passing said truck, and that the collision occurred on petitioner's right-hand side of the road.

"Petitioner further avers that the driver of defendant's automobile was driving on his left-hand side of the road, and apparently attempting to pass said truck, when the collision occurred."

Before answering plaintiff's petition, the defendant filed an exception of no cause of action leveled at the fact that plaintiff had alleged a state of facts that preclude him from recovering judgment. This exception was overruled by the judge of the lower court, and the defendant then answered the plaintiff's petition, and reconvened for damages in the sum of $553, charging that the collision was caused solely and only by the fault and negligence of the plaintiff. At the trial in the lower court, there was judgment in favor of the plaintiff for $721.65, and the defendant has appealed.

On the Exception of No Cause of Action.

It will be observed that plaintiff specifically alleged that the truck referred to in his petition raised a dense cloud of dust which obscured the vision both of plaintiff and of the driver of defendant's car. In spite of this complete obscuring of his vision, plaintiff merely reduced his speed and proceeded on his way. He should have pulled to his extreme right and stopped completely. In addition, prudence and caution would indicate that he should have turned on his lights and sounded his horn in order to warn any one that might be meeting him.

In the case of Castille .v. Richard, 157 La. 274, 102 So. 398, 399, 37 A. L. R. 586, we have a situation almost identical with the present case. There plaintiff's car was going in one direction and defendant's in the other. A truck successfully overtook one and met the other and passed each in safety. That fact indicated that each car was on its own proper side of the road while the truck was passing them. In that case the road "was a dirt road, and at the point where the accident occurred was only 18 to 20 feet wide, with deep ditches and a dense growth of Cherokee hedge on each side. Immediately prior to the collision a rapidly driven Ford automobile passed defendant's car from the rear, and plaintiff's car from the front, raising an impenetrable cloud of dust which was held within the narrow roadway by the Cherokee hedge 'as if in a funnel,' as described by one of the witnesses. The accident occurred within this dust cloud." It would be next to impossible to find two automobile head-on collisions with facts so nearly alike. In that case the plaintiff sued for $2,500 damages, and the defendant reconvened for $1,500 damages; each alleging and contending that the collision was the fault of the other. The trial judge held both negligent, and rejected both demands, and the plaintiff appealed. In affirming the judgment, the Supreme Court said: "In these circumstances it was inexcusable negligence for the drivers of the automobiles not to have come to a full stop until the dust had subsided."

Another very similar case is that of Dominick v. Haynes Bros. et al., 13 La. App. 434, 127 So. 31, 32. In that case the colliding cars entered a dense smoke, and while their vision was completely obscured by smoke. At the trial in the lower court, the defendants pleaded contributory negligence in bar of plaintiff's recovery of damages, and this plea was sustained. On appeal to this court, the judgment was affirmed on the authority of the case of Castille v. Richard. In the course of the opinion it was said: "It was negligence for both drivers or either of them to enter the smoke screen that prevented them from seeing any appreciable distance ahead."

In Blashfield's Encyclopedia of Automobile Law, vol. 1, p. 370, it is said: "It is the duty of the driver of an automobile to stop his car when his vision is entirely obscured by a temporary obstruction such as a cloud of dust or smoke screen. When failure to do so would jeopardize the safety of others, then he must remain at a standstill until the obstruction has come to an end."

In view of these authorities and the plain wording of plaintiff's allegations that the truck in the case raised a "dense cloud of dust; so much so as to obscure the vision of your petitioner and also that of anyone following behind said truck," it is clear that the plaintiff has alleged a state of facts which, if true, convicts him of contributory negligence. The exception of no cause of action is good, and should have been sustained.

For the reasons assigned, the judgment appealed from is annulled and set aside, the defendant's exception of no cause of action is sustained, and the plaintiff's demands are rejected, and his suit is dismissed, with costs of both courts to be paid by him.