AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover property damage sustained to his automobile when it was struck from the rear by a truck of the defendant as both vehicles were proceeding in a northeasterly direction on U. S. Highway 79, between Bethany and Greenwood, Louisiana.
The collision occurred in midday when the road was enveloped in a dense smoke caused by forest and grass fires raging on both sides of the road, reducing visibility at times to an absolute minimum. Because of visibility having been thus reduced, plaintiff alleges the driver of his car decreased her speed and was proceeding very slowly when the defendant’s truck, through the failure of its driver to maintain a proper lookout or to keep his vehicle under control, and in driving at an excessive speed under the aforesaid prevailing conditions and circumstances, crashed into the rear of his car, inflicting the damages for which reimbursement is now sought. Defendants’ principal defense is that the driver of plaintiff’s car was contributorially negligent in stopping the car in the right-hand traffic lane without taking precautionary measures to prevent the accident.
After giving consideration to the evidence, the trial court sustained plaintiff’s contentions, rejected those of the defendants, and rendered judgment in plaintiff’s favor as prayed for. From this judgment, defendants have appealed.
The primary issue presented for resolution is one of fact. The conditions prevailing at and near the scene of the accident may be briefly stated. The highway, for a distance of about two-and-a-half miles, was engulfed in a dense smoke, so dense, according to the testimony of the state trooper *807 who investigated the accident and who drove through the smoke in order to detour traffic, that a motorist, at times, could only see a distance of possibly ten to twenty feet ahead. He himself was required to drive with an open door so as to see the white center line of the highway which he used as a guideline for his left front wheel. He characterized the condition as very hazardous for vehicular traffic.
Pinkie Brown, the driver of plaintiff’s automobile, testified that after leaving Bethany she came into a terrible smoke which increased in density as she proceeded, finally to such an extent that she could barely see in front of the car. According to her testimony, she put on her headlights and reduced her speed to approximately fifteen miles per hour or less; and that, after further reducing her speed to approximately ten miles per hour and driving in that manner for a time estimated to exceed fifteen minutes, her car was struck from the rear by the truck driven by defendant Willie Burns.
Burns likewise testified that the smoke was very dense, that his own speed was fifteen to twenty miles per hour, and that, at the most, he could only see about twenty feet in front of his truck. Burns also testified that he never saw plaintiff’s automobile until he was within twenty feet of it, whereupon he applied his brakes and endeavored to turn to the left. Sam Allen, Jr., who accompanied Burns, corroborated Burns in the aforesaid particulars. Both testified that plaintiff’s automobile was stopped in the main-traveled portion of the highway. E. L. Burns, in another truck, was following his son, but at such a distance he was unable to see the collision. He testified that, as he came upon the car and truck, he was only about twelve feet away when he saw them, whereupon he turned sharply to the right, to the shoulder of the road, and missed both vehicles. His testimony corroborated that of his son and of Allen to the effect that there were no lights on plaintiff’s car.
There is no dispute that the truck struck the automobile from the rear. There is, however, some question, from the evidence, as to whether or not Pinkie Brown was stopped on the highway at the time of the accident or whether the car she was driving was in motion and proceeding forward. However, there was no contention as to the road’s being covered with a dense smoke, from a forest fire, and that visibility was reduced to almost zero.
For reasons reflected in the record, the opinion was expressed by the trial judge that a motorist who drives through smoke does so at his peril and that his failure to exercise such precautions as would enable him to stop within the range of his vision is negligence, particularly when his inability to stop is due to excessive speed. In any event, the opinion was expressed that ■ the last clear chance doctrine was applicable.
An examination of the record of the case admits of no doubt that Willie Burns, the driver of defendant’s truck, was guilty of the grossest kind of negligence. In fact, no contention is made to the contrary. Reliance to avoid plaintiff’s recovery is predicated upon the alleged contributory negligence of the driver of plaintiff’s automobile. The only explanation offered by Burns for the accident is that he was confronted with a dense fog in which he had been driving for possibly a mile, and that he struck plaintiff’s car which he saw. for the first time when only twenty feet away. In this connection, he contends that the accident occurred while he was attempting to swerve the heavily-loaded pulpwood truck to his left. This defense can avail him nothing for he was under a legal duty to have his vehicle under control and to refrain from operating it at a speed and in such manner as might cause injury to. others.
Under LSA-R.S. 32:234, subd. A, it is the duty of a driver of a motor vehicle not to follow another vehicle more *808 closely tiran is reasonable and prudent, with due regard to the speed of such vehicle and with consideration to the traffic and the condition of the highway. Obviously, the existence of a dense fog, screening one’s view of the highway, is a condition requiring the exercise of the utmost caution and prudence. It is generally recognized in the jurisprudence that a driver of an automobile is under a duty to stop his car when his vision is entirely obscured by a temporary obstruction such as a cloud of dust or smoke. When failure to do so would jeopardize the safety of others, then he must stop and remain at a standstill until the obstruction to his view has come to an end. It is likewise a rule well established that, where a motorist finds himself blinded, whether by bright lights, smoke, dust, fog, or for any other reason, it is his duty to at least bring his vehicle under such control that it can be stopped in a moment in case of emergency, and, in extreme cases, it is his duty to stop.
In the instant case, the plaintiff’s driver either stopped her vehicle or slackened her speed (and it is immaterial which she did) because of the condition created by the smoke obscuring her vision. The vision of defendant’s driver was likewise affected and had been so obscured for an appreciable length of time, during which, even under those conditions, he traveled at least a mile. His duty was identical with that of hers to slacken his speed and/or stop, if necessary, because of his inability to see ahead, and prevent crashing into a forward car. The actions of the driver of the forward car in reducing her speed and/or stopping her car were only the exercise of precaution which defendant’s driver should have likewise exercised.
Nor do we find any merit in defendants’ plea that plaintiff’s driver was guilty of contributory negligence. The record reveals to our satisfaction, as it did to the trial judge, that she followed a most reasonable course and acted with prudence in either greatly reducing her speed or stopping her car when she drove into the heavy smoke.
In Thiaville v. Toups, La.App.Orleans, 1946, 25 So.2d 361, 362, it was held immaterial whether plaintiff had stopped on the highway or the shoulder when her vision was obscured by heavy fog. The court there stated:
“Apart from this, even though we thought that Toups’ testimony (that plaintiff’s car was parked in the slow traffic lane) should prevail, this would not furnish, of itself, a sufficient reason to condemn plaintiff as negligent. Since the record discloses that the fog was very thick and that vision was limited to a few feet, plaintiff manifestly encountered considerable difficulty in determining the width of the shoulder of the road and it might have been exceedingly hazardous for her to proceed too far thereon. Hence, if she failed to park entirely on the shoulder, we cannot regard her error as legal fault
“Moreover, even if we believed that plaintiff parked wholly in the roadway and was at fault in so doing, her negligence in this respect had become passive at the time of the accident. In such case, the doctrine of last clear chance would be applicable under the well-established jurisprudence of this state. See Raziano v. Trauth, 15 La.App. 650, 131 So. 212; and O’Rourke v. McConaughey, La.App., 157 So. 598; and authorities there cited.”
The conclusion is inescapable, under the evidence, that defendant’s driver was guilty of gross negligence in not seeing plaintiff’s automobile, whether such failure to see was due to blindness induced by the pall of smoke, or to excessive speed. In either or both of these instances, his negligence was the sole, proximate cause of the accident, and he and those responsible for his acts are liable for the damages caused by the accident.
*809 The defendants, in support of their contention that plaintiff’s driver was contribu-torially negligent, cite and rely upon the pronouncements made by this court in Butler v. Fry, La.App. 2 Cir., 1948, 36 So.2d 69. There, the accident occurred during a sudden downpour of rain. The rain caused plaintiff’s windshield to become clouded, whereupon he stopped his car on the highway so that he might wipe the mist from the windshield. Shortly thereafter, defendant’s vehicle, approaching at forty miles per hour, struck the car from the rear. There, it was held that plaintiff was guilty of negligence in bringing his car to a stop on the highway without observing proper precautions and without clearing as much of the highway as possible, and that defendant’s driver was guilty of negligence in proceeding at what was considered a reckless rate of speed under the existing conditions.
The case is distinguishable upon the facts from the instant case in that, in the cited case, it is not shown with any degree of certainty how suddenly plaintiff stopped his vehicle or how long it remained stopped before being struck from the rear. In the instant case, the hazardous conditions existed for an appreciable length of time, estimated at from fifteen to thirty minutes, during which time both vehicles proceeded through a dense smoke for a mile or more along the highway with vision becoming more difficult the farther the drivers proceeded into the smoke, when at last it became necessary for plaintiff to continue to reduce her speed and/or stop, for, as heretofore pointed out, defendant’s driver was under a like duty to exercise due and reasonable precaution and not to proceed at a greater rate than would have permitted him to stop his vehicle within the range of his vision. In thus proceeding, when only able to see, at the most, a few feet, defendant was negligent, and such constituted the sole and proximate cause of the accident. This is a distinguishing feature between the instant and the cited case where it was established that the negligence of both constituted proximate causes of the accident.
We find no error in the judgment appealed and, accordingly, it is hereby affirmed at defendants-appellants’ cost.
Affirmed.