HENRY F. TURNER, Judge pro tem.
This is an action by Betty LeBlanc, wife of and Daniel LeBlanc against the Phoenix Insurance Company of Plartford, Connecticut, the insurer of a truck owned and operated by J. H. Rutter-Rex Manufacturing Company against public liability. Mrs. Le-Blanc, wife, claims damages for personal injuries, and her husband claims special damages for expenses incurred by reason of her injury and for loss of earnings by her during her period of incapacity. The automobile belonging to the community and operated by the plaintiff, Betty LeBlanc, collided with a large tractor-trailer truck on Elysian Fields Avenue near the intersection of Royal Street in the City of New Orleans. The truck, at the time, was being operated by one Dudley J. Dubroc, an employee of the aforementioned insured. The accident occurred on June 12, 1961 at about 6 :25 p. m. There is a semaphore-type traffic light controlling the intersection at Royal and Elysian Fields. Elysian Fields Avenue, at this point, is a very wide street with four traffic lanes on each side of a wide neutral ground. The side of the street next to the curb is utilized by parking. There are three traffic lanes clearly marked by the usual white lines. The accident was a side-swiping type of collision wherein the right side of Mrs. LeBlanc’s automobile collided with the left side of the truck. Mrs. LeBlanc alleged that the defendant’s insured truck veered from its lane, which was the lane next to the parking lane on Elysian Fields into her lane, which was the center of the *258 three traffic lanes, into the side of her car without any warning of his intention to change lanes and that this constitutes negligence on the part of the driver of the truck. The defendant denied that its driver left his traffic lane and insisted he kept a straight line, and that Mrs. LeBlanc veered out of her lane into his lane, striking his truck, and that the accident was caused by her not maintaining a proper lookout and not having her car under control. The defendant alternately pleaded contributory negligence on the part of Mrs. LeBlanc should the court find its driver negligent.
The plaintiff, Betty LeBlanc, itemizes her damages as: past pain and suffering, shock, nervousness, distress and restriction of movement, $20,000.00; future pain, suffering and discomfort and restriction of motion, $10,000.00, or a total of $30,000.00. Daniel LeBlanc itemizes special damages including doctor, damage to automobile, loss of wages, etc., at $1,431.83.
The case was tried in the District Court before a jury, and the trial resulted in a verdict in favor of plaintiff, Betty LeBlanc, in the amount of $5,500.00 and in favor of Daniel LeBlanc in the amount of $930.85. A separate judgment was signed by the Judge awarding $100.00 expert witness fee to Dr. Irvin Cahen. From these judgments the defendant effected an appeal to this Court.
In examining the record in this case, we immediately noticed that the plaintiffs erroneously had sued the wrong insurance company in the original petition. Realizing their error, they amended to make another insurance company, which carried public liability insurance on the truck involved, a party defendant, substituting it for the defendant named in the caption of this case. In examining the verdict of the jury and the two judgments signed by the District Judge in this case, we find that no judgment was rendered nor signed against the proper defendant. This obviously being an error and to avoid additional costs, expense and delay, we had our Clerk notify counsel in this case of our discovery, with the suggestion that they file a stipulation to set forth the correct facts. Obviously, the judgment as rendered could not be enforced by execution against a company not named therein.
The appellant assigns six specifications of error as to why the judgment of the District Court should be reversed and plaintiff’s suit dismissed. First, second and third specifications of error deal with the District Judge having permitted the traffic officer who investigated the accident some ten to fifteen minutes following same to testify as to statements made by defendant’s driver to him at that time. The officer testified that the defendant’s driver told him that he had planned to make a left turn off of Elysian Fields in order to eventually get to the Airline Highway and continue his trip to California by way of Texas. The officer testified that the truck driver told him that he was maneuvering his truck from the third lane from the neutral ground over to the first lane to be in a position to make such left turn without crossing the path of traffic in the other lane, and that he did not see Mrs. LeBlanc’s car in his rear-view mirror until he heard noise made by the contact of the two vehicles. We think that this is a declaration against interest voluntarily made at a time while the facts and circumstances of the occasion were clear in the truck driver’s mind, and are admissible as such. We note that Mr. Dubroc’s testimony varied only in that he was not making the contemplated maneuver out of his traffic lane at the time of the collision. He definitely intended to cross into the middle lane to get into the extreme left lane some distance up the street, not yet decided by him in his own mind at the time of the accident. The specification of error number four referred to the 9-3 vote of the jury and that the verdict was contrary to the law and facts as presented. Of course, a 9-3 verdict is all that is necessary, and the negative votes could have well been favorable to plaintiffs but in disagreement with the nine jurors as to amount. The *259 jury heard and observed the witnesses. The testimony in the record is seriously in conflict in many instances. The jurors were well within their province in deciding the case as they did. It was their province to believe one witness’s testimony in its entirety, or to believe part of one witness’s testimony, or to reject all of one witness’s testimony. Having done this, we find no manifest error in their decision, as the case could have been decided either way, depending upon what evidence was accepted and what evidence was rejected by the jurors. Specification of error number six is aimed at the Trial Judge in not declaring a mistrial when counsel for plaintiffs in the presence of the jury referred to the fact that Mr. Dubroc may have been given some sort of traffic ticket at the time of the accident. He claimed the question caused the jury to be biased against his driver.
The question was asked Mr. Du-broc by counsel for the plaintiffs, and objection was timely made. The Trial Judge fully and completely instructed the jury to disregard any mention of a traffic ticket, pointing out that one could have also been given to Mrs. LeBlanc. A ticket could have been for an overloaded truck, or for improper license, or any number of violations not connected with the accident. We fail to see that any harm resulted to defendant, particularly in view of the Judge’s instructions to the jury to disregard same. Specification of error number five is aimed at the alleged excessive judgment awarded by the jury to the plaintiffs in the case. We think this objection by defendant merits our serious consideration. The evidence in the case shows that Mrs. LeBlanc was a housewife who had worked at various jobs over a period of years but at the time of the accident was without employment. She claimed that she had taken a leave of absence from her job at Hotel Dieu Hospital as a nurses’ aid due to a siege of the mumps, and that she had planned to go back to work the next day, but the records of the hospital reflect that Mrs. LeBlanc had quit and was not employed by them. Mrs. LeBlanc’s husband, as head master of the community, sued for the special damages, that is her loss of wages, and we think this item has not been proved by a fair preponderance of the evidence. We think it is noteworthy that Mrs. LeBlanc’s husband was not called to testify. However, we think that Mrs. LeBlanc, by her testimony and exhibits filed, established the following items as special damages due her husband: damage to car, $360.13; a special surgical corset for her, $24.72; doctor bill, $146.00; making a total of $530.85. We find the proof insufficient in the other items claimed. The judgment of the District Court in Daniel LeBlanc’s favor would be reduced from $943.00 to $530.85.
Following the accident, Mrs. LeBlanc was taken by her husband to St. Claudf General Hospital where she was given emergency treatment and sent home. It is worthy of note that neither the records from St. Claude Hospital were produced, nor was the doctor who had treated Mrs. LeBlanc summoned to testify on the trial of the case. She testified that Dr. Pou, the doctor at St. 'Claude, treated her two or three weeks or maybe a little longer. Certainly, the jury and the court should have the benefit of his testimony. The rule of law is to the effect that where a witness is available who might shed light on the case and is not called, that the reason for not calling said witness is that his testimony would be unfavorable to the plaintiff. Mrs. LeBlanc, eighteen days following the accident, went to a Doctor Irvin Cahen, an orthopedic specialist, and he prescribed a surgical corset and gave her a total of nineteen diathermy treatments and discharged her on October 25, following the accident on June 12. Again, Mrs. LeBlanc did not produce her husband to testify or corroborate her testimony as to her pain and suffering and her inability to do her usual household duties.
Based upon the history of the accident as related to Dr. Cahen, he reached the conclusion that, in his opinion, she had *260 a sprain involving ligaments of her lower back. Bearing in mind that he saw Mrs. LeBlanc eighteen days following the accident, he found no bruises, contusions, lacerations or any evidence of her having been in an accident, and at the time he first saw her, he thought she would be markedly improved in six to eight weeks. Actually, it was more than four months before he discharged her.
He found no permanent or residual disability in connection with Mrs. LeBlanc’s injuries. Based on those facts and the cases of similar injuries and duration of pain, we think the award of the jury was grossly excessive. As we have said many times, each case has to stand on its own pa%ticular set of facts and circumstances, and it is impossible to measure with accuracy by any type of yardstick the exact value in dollars and cents of a case of this kind. We can only base our conclusions on awards in those cases of a similar nature. In the recent case of Doyle v. McMahon, La.App., 136 So.2d 89, this Court had occasion to consider a case wherein the injuries suffered by the plaintiff, a Mrs. Doyle 32 or 33 years of age, were very similar to the facts of this case, the difference being that Mrs. Doyle had a total of twenty-one physical therapy treatments and her pain and suffering endured approximately three and one-half months, after which her recovery was complete and without residual. The only residual effect in this case, if any, was that Mrs. LeBlanc stated that she felt she was unable to do tire heavy lifting and turning of patients and so forth as a nurses’ aid and that she had taken a job as a waitress following her discharge by Dr. Cahen. Her doctor testified that she had arthritis in the area of her sprained back for a long period of time far antedating the accident. It appears that the accident aggravated or activated the dormant arthritis and that it had .subsided at the time of her discharge by the doctor in response to his treatment. In the Doyle case, an award of the District Court of $3,000.00 was reduced by this Court to $2,000.00. Considering that Mrs. Le-Blanc suffered and required treatment a month to six weeks longer than Mrs. Doyle, and giving her the benefit of testimony that she felt she had some residual effects, we think she should be entitled to more than Mrs. Doyle received. We, therefore, conclude that an award of $3,000.00 will amply compensate her for her pain, suffering and discomfort resulting from the accident.
The judgment, based on the jury verdict, is thus amended by reducing the award of the District Court in favor of Betty Le-Blanc from $5,500.00 to $3,000.00 .and by reducing the award to Daniel LeBlanc from $943.00 to $530.85, and the judgment is affirmed as to the award of $100.00 as expert witness fee to Dr. Irvin Cahen and is now remanded to the District Court with instructions to correct the judgments to reflect the proper defendant in the accident, in accordance with the stipulation filed by counsel in this Court.
Amended and affirmed; remanded with instructions.