TATE, Judge.
Mrs. Hidalgo and her husband sue Thomas and his insurer for damages resulting from an accident allegedly caused by Thomas’s negligence. The trial court held that Mrs. Hidalgo’s contributory negligence bars recovery.
The plaintiffs appeal from the dismissal of their suit. The chief issue concerns the trial court’s finding of contributory negligence.
-1-
The accident occurred in daylight hours one June afternoon. It took place on U.S. Highway 167, the main road between Opelousas and Ville Platte. Immediately prior to the accident, Mrs. Hidalgo was driving eastward on this highway.
We find no manifest error in the trial court’s appreciation of the evidence as showing that the defendant Thomas pulled into Mrs. Hidalgo’s path from a side-road, then backed. This caused her to lose control of her car, when she applied her brakes and skidded into her left lane and collided with a third vehicle. The damages sought resulted from this- collision.
Under the facts so found, the trial court properly concluded that the negligence of Thomas was a proximate cause of the accident and damages sought. His imprudent entry onto the public highway created an emergency. This caused Mrs. Hidalgo to apply her brakes suddenly and to lose control of her car and to skid into the oncoming traffic in the other lane.
However, in finding Mrs. Hidalgo con-tributorily negligent and therefore denying recovery, the trial court found that “this emergency was not so great as to cause Mrs. Hidalgo to do what she did if she had not been driving too fast under the circumstances. As pointed out above, it was raining or had been raining and the road was wet and under those circumstances the Court feels that Mrs. Hidalgo did not use enough precaution in order to avoid something. that actually occurred, such as this.”
While we accept the facts found by the trial court, we reach a different conclusion as to whether under the facts so found Mrs. Hidalgo is indeed contributorily negligent.
The defendant has the burden of proving any contributory negligence by a preponderance of the evidence. Ginlee v. Helg, 251 La. 261, 203 So.2d 714. Contributory negligence is conduct which involves an undue risk of harm to the actor himself. It is conduct contributing as a *448 legal cause to his damage which falls below the standard of ordinary care[1] to which a person is required to conform for his own protection. See Sloan v. Flack, La.App. 3d Cir., 150 So.2d 646, and authorities therein cited.
The evidence shows that Mrs. Hidalgo was approaching at a speed of from 45-55 mph prior to the accident. The highway was still wet from a recent rain. The impact occurred 72 feet west of (on Mrs. Hidalgo’s side of) the T-intersection. Prior to the impact, her vehicle made 66 feet of skidmarks. Mrs. Hidalgo had just rounded a curve, the center of which was 210 feet west of the intersection.
Mrs. Hidalgo testified that, as she rounded the curve, she saw something in her path and applied her brakes. (Traumatic amnesia clouded her memory of subsequent events.) Thomas did state that she lost control of her vehicle when she reached for something at her side; but the trial court specifically evaluated Thomas’s credibility unfavorably.
The evidence of Mrs. Hidalgo, Thomas, and the investigating state trooper places her speed at from 45-55 mph. The speed limit at the place of the accident was 60 mph. The evidence shows that other traffic on the highway was proceeding at similar speeds.
The question, then, is whether Mrs. Hidalgo, at a speed of 45-55 mph on this wet main highway, was proceeding at too fast a rate of speed or with insufficient control under the circumstances, so that her failure to stop sooner or otherwise avoid the collision constituted contributory negligence which bars her recovery.
Under the “sudden emergency” rule, an otherwise negligent act may be excused on the ground that the actor was confronted by a sudden emergency not created through his own negligence. His misjudgment may therefore be excused, if consistent with the prudence of an ordinary man suddenly confronted with such unexpected danger. Jones v. Continental Casualty Co., 246 La. 921, 169 So.2d 50; Dean v. Travelers Insurance Co., La.App. 4th Cir., 171 So.2d 708. Nevertheless, the exculpatory plea of sudden emergency may be availed of only when the party pleading it is himself free from any fault which contributed to the creation of the emergency. Fontana v. State Farm Mut. Auto. Ins. Co., La.App. 3d Cir., 173 So.2d 284.
Applying these principles to present facts, the defendants-appellees have not borne their burden to prove that Mrs. Hidalgo’s speed or control fell below the standard of care required of her under the circumstances. Thus, no negligence on her part contributed to the emergency primarily resulting from Thomas’s imprudent entry into her path when she was just 3 to 5 seconds distant, under the speeds and distances shown.
Her immediate instinctive application of brakes seems to us to be consistent with the ordinary care of a reasonably prudent driver confronted with a similar emergency, though under the circumstances it caused her to lose control of her car in a skid on the damp pavement. We therefore find our trial brother fell into error of law in charac *449 terizing- her conduct as contributory negligence under the facts found.
-3-
Mrs. Hidalgo is thus entitled to recover general damages for the personal injuries caused her by the accident, and her husband for the special damages proved.
Special damages: The medical expenses caused by the accident were stipulated to be $620.55. Roy Hidalgo, her co-plaintiff husband, will be awarded judgment for these special damages sustained by the community.
Although Mrs. Hidalgo was off work for 9 weeks, her employer voluntarily paid her salary, and she lost no sick leave or other benefits by reason of her absence from work. No authority is cited to us to permit the award of special damages for lost earnings under these circumstances.
General damages: Mrs. Hidalgo sustained a minor fracture (crack) of the head of the humerus (the upper end of the arm at the shoulder). This was cured without residual after 9 days hospitalization and 9 weeks discomfort. She also suffered a cut on the right side of the head which produced a 5-inch scar (which however is covered by hair), and another cut at the left eye which produced a slight scar at the eyebrow. The evidence does not indicate that either of these scars are disfiguring or easily visible.
We feel an award of $2500 general damages will be adequate compensation to Mrs. Hidalgo for these uncomfortable injuries which cured with slight residual.

Decree.

For the foregoing reasons, the judgment of the trial court dismissing the plaintiffs’ suit is reversed; and it is ordered, adjudged, and decreed that there be judgment herein against the defendants, Eugene D. Thomas and Southern Farm Bureau Casualty Insurance Company, holding them solidarily liable to the plaintiff, Roy L. Hidalgo, in the amount of Six Hundred Twenty and 55/100 ($620.55) Dollars, and also to the co-plaintiff, Mrs. Iris M. Hidal-go, in the amount of Two Thousand Five Hundred and No/100 ($2500) Dollars, both amounts with legal interest thereon from date of judicial demand until paid. The defendants-appellees are to pay all costs of these proceedings and of this appeal.
Reversed and rendered.
SAVOY, J., dissents, being of the opinion that the judgment of the District Court is correct.

. Consolidated for trial and decision with the present suit was another action by the driver (Vidrine) of the third vehicle against both Mrs. Hidalgo and Thomas. Since Mrs. Hidalgo collided with Vidrine in Vidrine’s lane of the highway, she was under the burden of exculpating herself from the slightest negligence on her part contributing to the accident. Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Breaux v. Valin, La.App.3d Cir., 138 So.2d 405. A motorist who crosses over and strikes an oncoming motorist in the latter’s Jane of traffic is thus held to a standard of the highest degree of care. Therefore, while Mrs. Hidalgo might properly be held liable to Vidrine if the slightest fault on her part contributed to the accident, nevertheless, to Thomas (who invaded her lane of the highway), she owed only ordinary care. She could be held contributorily negligent only if her conduct fell below this lesser standard.