258 So.2d 81

**Earnest CAMPBELL et al.**

**v.**

**AMERICAN HOME ASSURANCE COMPANY.**

**No. 51065.**

Feb. 3, 1972.

Rehearing Denied March 8, 1972.

Fruge & Foret, J. Burton Foret, Ville Platte, for plaintiffs-relators.

Plauche, Smith & Hebert, James R. Nieset, Lake Charles, for defendant-respondent.

SANDERS, Justice.

Earnest Campbell, a motorist, and Ida Lee Richards, a guest passenger in the automobile, sued American Home Assurance Company under its uninsured motorist coverage for injuries sustained in a collision with an allegedly uninsured vehicle. The two cases were consolidated for trial.

The district court rejected plaintiffs' demands, holding that they had not discharged the burden of proving that the second vehicle was uninsured. On appeal, the Court of Appeal affirmed the judgment denying recovery, but on a different ground. That court held that both Mr. Campbell, the driver, and Mrs. Richards, the guest passenger, were guilty of contributory negligence barring recovery. 241 So.2d 77, 81. On the joint application of the plaintiffs, we granted certiorari to review the judgment of the Court of Appeal. 257 La. 453, 242 So.2d 577. We reverse and grant recovery.

The accident, a two-car collision, occurred during the afternoon of March 5, 1965, on U.S. Highway 171, south of DeRidder. A grass fire near the place of collision had emitted smoke, which had drifted over the highway. As Campbell drove north, both he and Mrs. Richards observed that several cars, previously traveling north, had pulled off the highway; other vehicles, however, were moving through the smoke. A police officer was at the scene, apparently directing traffic.

Campbell turned on his lights, reduced his speed from 50 miles to some 10 to 15 miles per hour, a rate he felt compatible with the reduced visibility, and entered the smoke. His testimony is that shortly afterwards, additional smoke settled on the roadway obstructing forward vision. Almost simultaneously, a southbound vehicle, driven by Mrs. Coleman D. Gimnich, struck him head-on, within his northbound lane of travel. Mrs. Richards corroborated his testimony.

The evidence clearly establishes the negligence of Mrs. Gimnich in crossing into plaintiffs' lane and colliding with their automobile.

The substantial issue is the contributory negligence of the plaintiffs. The Court of Appeal concluded that entry into the smoke patch was contributory negligence on the part of Campbell, the driver. The court also concluded that Mrs. Richards, the guest passenger, was contributorily negligent for failing to warn the driver about the smoke and protest his continued movement.

█ The burden of proving contributory negligence lies with the defense. In King v. King, 253 La. 270, 217 So.2d 395 (1968), this Court held:

"Contributory negligence is an affirmative defense and the burden rests upon the defendant to establish it by a preponderance of the evidence. Ginlee v. Helg, 251 La. 261, 203 So.2d 714; Theunissen v. Guidry, 244 La. 631, 153 So.2d 869; D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908."

█ Contributory negligence is conduct on the part of a plaintiff in a negligence action that falls below the standard to which a reasonable man should conform for his own protection. Hidalgo v. Thomas, La.App., 229 So.2d 446 (1969); Henson v. Travelers Insurance Company, La.App., 228 So.2d 667 (1969); Sloan v. Flack, La. App., 150 So.2d 646 (1963); Restatement (Second) of Torts § 463 (1965).

█ It is well settled that when visibility is impaired by smoke, fog, or other unfavorable atmospheric conditions, a motorist must exercise care in the operation of his vehicle commensurate with the danger created by the conditions. He must reduce his speed and maintain a close lookout. As an extreme measure, when visibility is destroyed or greatly obscured, he must stop his vehicle until conditions permit him to resume travel in reasonable safety. See Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958); Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586 (1924); 8 Am.Jur.2d, Automobiles and Highway Traffic, § 730, pp. 283–284.

Whether or not plaintiff's conduct falls below the objective standard for his self-protection is a question of fact, depending

upon all the circumstances. Among the factors to be considered here are the extent of visibility, nature of the roadway, and congestion of traffic. See Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); Ervin v. Burns, La.App., 126 So. 2d 805 (1961); Felder v. Eagle Star Insurance Company, La.App., 79 So.2d 90 (1955); Peasley v. White, 129 Me. 450, 152 A. 530, 73 A.L.R. 1017 (1930).[1]

Because it disposed of the case on the insurance-coverage issue, the trial court made no findings of fact. The record, however, is adequate to correlate the factors pertaining to the contributory negligence issue.

U.S. Highway 171 is a two-lane, hard-surfaced highway, serving as a main artery of traffic. Both Mr. Campbell and Mrs. Richards testified that at the time of entry into the smoke, visibility was such that they could move forward at the reduced speed in reasonable safety. Other vehicles were moving safely through the smoke. After entry, however, additional smoke settled, further reducing visibility. Almost simultaneously and before further precautionary measures could have been taken, if they were in fact available, the accident occurred.

▬▬ The only other testimony concerning the density of the smoke at the time of collision was that of Mr. S. L. Gimnich, an elderly passenger in the Gimnich vehicle: His testimony was that the smoke was too dense for safe entry. This witness, of course, entered the smoke from the north side. Because of the accident, he never reached the south side from which Campbell entered. In our opinion, Gimnich's testimony is insufficient to establish that the visibility on the south side was so drastically reduced as to require Campbell to take the extreme measure of stopping his vehicle. The measures taken—slowing, lighting, and watching—were reasonable under the circumstances. Hence, we conclude that the defendant has not sustained the burden of establishing contributory negligence on the part of Mr. Campbell, the driver, or Mrs. Richards, the guest passenger.

· Under the policy, coverage is provided only when the other vehicle is uninsured. The purpose of this coverage is to afford protection to insured parties when they be-

---

1. Several Court of Appeal decisions seem to have erroneously construed our decision in Castille v. Richard, 157 La. 274, 102 So. 398, 37 A.L.R. 586 (1924) as holding that entry into smoke or fog regardless of its density or other circumstances is contributory negligence *as a matter of law.* See, e. g., Dominick v. Haynes Bros., 13 La.App. 434, 127 So. 31 (1930); Outman v. Imperial Oil & Gas Products Co., La.App., 144 So. 749 (1932); Gardsbane v. Horton, La.App., 56 So.2d 859 (1952). Although the result reached in these cases may be correct on the facts, the rule of contributory negligence as a matter of law is untenable.

come the innocent victims of the negligence of uninsured motorists. Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1969).

■  LSA–R.S. 22:1406, Par. D(6), provides a method of making prima facie proof by affidavit that the other vehicle is uninsured. The plaintiff offered no affidavit in the present case. Hence, the plaintiff has the burden of proving by other evidence that the offending vehicle was uninsured. See Macaluso v. Watson, La. App., 188 So.2d 178 (1966).

■  In the present case, the other vehicle was owned by Coleman D. Gimnich and driven by his wife, Gloria. At the time of the accident, Mrs. Gimnich resided in Houston, Texas. At the time of the trial, both Mr. and Mrs. Gimnich resided in England. As proof of the lack of insurance, plaintiff offered the following evidence:

(1) A registered letter from plaintiffs' attorney to the adverse driver requesting the name of her public liability insurance carrier.

(2) A letter from Coleman D. Gimnich, replying to the attorney's letter, in which he advised that there was no liability insurance and that his wife had so indicated in the report to the Louisiana Department of Public Safety.

(3) A photocopy of a report to the Louisiana Department of Public Safety under LSA–R.S. 32:871, purportedly signed and filed by Mrs. Gimnich, in which she certified there was no public liability insurance covering the automobile.

The defendant objected to the introduction of the Gimnich reply letter and the Department of Public Safety report on the ground they were not properly authenticated and, in any event, constituted hearsay. We pretermit a consideration of the Department of Public Safety report.

We are of the opinion that an adequate foundation was laid for the introduction of the Coleman D. Gimnich letter. Plaintiffs' attorney identified it and testified that he received it through the mails in response to his letter of inquiry. The reply letter referred to the inquiry. The letter of inquiry was identified and introduced in evidence. Under these circumstances, no further authentication was required.

In Gulf Refining Co. v. Bagby, 200 La. 258, 7 So.2d 903 (1942), this Court set forth the rule governing the authenticity of a reply letter as follows:

. . .  "The rule of evidence on the subject is stated in 20 Am.Jur., sec. 195, p. 196, thus:

'It is a well-settled rule that a letter received in due course of mail in re-

sponse to a letter sent by the receiver is presumed, in the absence of any showing to the contrary, to be the letter of the corporation or person whose name is signed thereto. The broad principle underlying this rule is that there exists a presumption that those in charge of receiving and transmitting mail perform their duties in the regular and proper manner.'

"In Jones' Commentaries on the Law of Evidence, 2nd Ed., Vol. I, sec. 201, p. 341, the rule is stated thus:

'With respect to a letter received thus in due course of mail and purporting to come from a person to whom a letter has previously been sent and to be in reply thereto, a presumption of fact is indulged in favor of the genuineness of the signature and the letter is admissible in evidence without further authentication; although, in order to obtain the benefit of this presumption, it must first be proven that a letter was written and mailed, to which the letter offered is an answer.'

"The rule is repeated by the author in his recent work entitled Jones on the Law of Evidence in Civil Cases, 4th Ed., Vol. 1, sec. 52, p. 89."

Under the law, we conclude that the reply of Coleman D. Gimnich was properly authenticated.

More difficult is the additional question of whether the letter is admissible under the hearsay rule. The letter contains an unambiguous statement that there was no public liability insurance covering the operations of the vehicle. Plaintiffs contend the letter is admissible as a declaration against interest. The defendant, on the other hand, asserts that the letter is inadmissible hearsay.

■ An important exception to the hearsay rule makes admissible in evidence declarations against interest by a declarant not a party to the suit. The circumstance that the declaration is against the pecuniary or other interest safeguards the reliability of such evidence. LeBlanc v. Phoenix Assurance Company of New York, La.App., 158 So.2d 256 (1963); McCormick on Evidence, § 253, pp. 546–547 (1954); 29 Am.Jur.2d, Evidence, § 617, pp. 670–671.

■ Under the Louisiana Motor Vehicle Safety Responsibility Law, we regard the admission of non-insurance as a declaration against pecuniary interest. The existence of an uninsured status at the time of a collision requires either the payment of damages, the deposit of security, or the suspension of the driver's license. See LSA–R.S. 32:872.

Although plaintiff's suit was against the insurer alone, the insurer brought a third party demand against Gloria K. Gimnich,

the declarant's wife.[2] The major issues included the fault of the declarant's wife in causing the collision and the uninsured status of declarant's automobile. See Booth v. Fireman's Fund Insurance Company, supra. The existence of public liability insurance covering the use of the car was a matter within the personal knowledge of the owner. Neither the declarant nor his wife was available as a witness at the trial. Hence, the letter was admissible as a declaration against interest. Since no contradictory evidence was offered, it is adequate in our opinion to establish non-insurance.

We are aware of the contrary holding of the First Circuit Court of Appeal in Bullock v. Perry, La.App., 238 So.2d 796 (1970), but, after consideration, we reject the holding in that case.

Under our usual rule, the case should be remanded to the Court of Appeal for the assessment of damages. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Felt v. Price, 240 La. 966, 126 So.2d 330 (1961).

For the reasons assigned, the judgments of the Court of Appeal in the cases of Earnest Campbell v. American Home Assurance Company and Ida Lee Richards v. American Home Assurance Company are reversed. Accordingly, judgment is rendered in favor of Earnest Campbell and Ida Lee Richards against the American Home Assurance Company in such sums as may hereafter be fixed, and the case is remanded to the Court of Appeal, Third Circuit, for the assessment of damages. All costs are taxed against the defendant.

HAMLIN, J., dissents, believing that the decisions of the Court of Appeal, recited in La.App., 241 So.2d 77 and 81 are correct.

SUMMERS, J., dissents.

On Application for Rehearing.

PER CURIAM.

Our reference to LSA–R.S. 22:1406, Par. D(6), should be deleted. The trial of this case was had in 1969, and the above provision, which had no predecessor, was adopted by a 1970 amendment. It is therefore inapplicable to this case.

HAMLIN and SUMMERS, JJ., are of the opinion a rehearing should be granted.

2. In its judgment, the district court retained jurisdiction of the third party demand.