SAVOY, Judge.
The instant case, together with that of Richards v. American Home Assurance Company, bearing docket number 3897 on the docket of this Court, was remanded by the Louisiana Supreme Court, 260 La. 1047, 258 So.2d 81, so that we might assess damages to which plaintiff is entitled. These cases were consolidated for trial, and separate decrees were rendered.
EARNEST CAMPBELL
Dr. Fred W. Thomas examined Campbell on March 5, 1965, the same date of the accident. Campbell complained of pain in the neck and back. X-rays were also taken, and no fractures were found. Dr. Thomas was of the opinion that the results of the physical examination were within normal limits. Because of the complaints of Campbell, he was admitted to the hospital and treated for three days with muscle relaxant drugs. He received physical therapy with ultrasonic treatments and diathermy. Campbell was then released by the doctor.
Campbell was next seen by Dr. R. E. Dupre on March 25, 1965. Dr. Dupre examined Campbell on the above date and diagnosed Campbell’s condition as contusions in general, but especially of the chest, neck and head. The doctor was of the opinion that Campbell had strained muscles of the neck. Campbell displayed tenderness in the back, and remained in the hospital five days where he received diathermy treatments and sedatives. Dr. Dupre last saw Campbell on July 19, 1965, when Campbell still complained of pain. Dr. Dupre did not see Campbell after that date.
From an examination of the record, we find Campbell suffered minimal injuries, and that an award of $750.00 is ample.
Dr. Thomas’ bill for services rendered was $40.00, and the hospital bill at the Fraser Clinic in Many, Louisiana, was $165.90. Dr. Dupre’s statement for services rendered and hospitalization at the Ville Platte Medical Center was $163.90. The above items total $1,119.80.
IDA LEE RICHARDS
Dr. Thomas saw and examined Miss Richards on March 5, 1965. She *703 was complaining of pain in the chest, lower back, right foot and knee. X-rays were taken, and no evidence of fracture was found. She stayed in the hospital for three days, during which time she received medication and therapy for her back. She was released on March 8, 1965, and returned to the hospital March 11, 1965, complaining of pain in the stomach. On March 14, 1965, Dr. Thomas performed surgery for a small umbilical hernia, and Miss Richards was discharged as having recovered on March 23, 1965.
On September 2, 1965, Miss Richards consulted Dr. P. M. Davis, an orthopedic surgeon of Alexandria, Louisiana, for evaluation. Dr. Davis examined her and was of the opinion that she suffered a back sprain, but found very little residual evidence of said sprain. He felt Miss Richards had some impairment at the time of the examination, but that with treatment the condition should clear up in about a month. Once the condition was cleared, there should be no residual impairment.
An award of $2,500.00 is adequate for the injuries sustained by Miss Richards.
The statement rendered by Dr. Thomas for services rendered and hospital charges amounts to $714.82. Dr. Davis charged $60.00 for his services. All of the above items total $3,274.82.
The judgment of the district court is reversed insofar as it rejects the demands of Earnest Campbell, and judgment is rendered in favor of Earnest Campbell and against American Home Assurance Company in the sum of $1,119.80 with interest at the legal rate from March 5, 1965, until paid. Defendant to pay all costs in all of the courts.
Reversed in part and rendered.