de la HOUSSAYE, Judge.
Henry McDonald brought this suit against the State of Louisiana seeking to recover damages because of injuries sustained by him as a result of an accident which occurred at Angola on or about July 30, 1971. Apparently McDonald was doing carpenter work in a warehouse in Angola and was using a rip saw at the time of the accident. It is not contested that Mr. McDonald did receive injuries to his hand when it came in contact with the whirling blade of the saw. The evidence and testimony also indicates that Mr. McDonald was working under less than proper working conditions. The blade saw had . no guard on it and the trial judge found that there were other items of equipment close to the saw which had no safety features at all.
The trial judge found that the defendant was guilty of negligence in permitting a dangerous saw to be used under very unsafe conditions. He also determined that plaintiff, Henry McDonald, was guilty of contributory negligence therefore barring any recovery. This finding of contributory negligence is the only assignment of error in this appeal.
We agree with the holding of the lower court.
Our appreciation of the facts and testimony adduced during the trial on the merits of this case lead us to the conclusion that plaintiff did not attend to his work in a proper manner. This is shown by the following responses given by plaintiff in reply to questions asked during cross-examination by the attorney for the defendant:
“Q. About how many times did you use that saw, that particular saw ?”
“A. Oh, mister, I have used that saw hundreds of times. I used it all day every day, off and on, you know. Not all day, but off and on, things to cut. I did a lot of hobby craft and I built many inlaid tables, *553 cut a lot of wood and — but I was authorized to do either the state or hobby craft, and all of us were.”
Not only had plaintiff used the saw in question many times before the accident, but his testimony further indicates that he was well aware of the danger in using this saw. The pertinent testimony is as follows :
“Q. And you knew it didn’t have a guard on it?”
"A. I used it fifteen, twenty times a day, anyway. Sometimes twenty-five times a day, cutting this and that.”
"Q. You knew each and every condition that existed there at the time that you were using the saw ?”
•“A. Yes, sir, I knew that.”
“Q. But you used it any way ?”
“A. Well, yes sir. Anyone could see —it had been used for years. It was just an open saw.”
It is from plaintiff’s own testimony then that we see that plaintiff was well aware of the hazards involved in operating this open saw, yet he continued to do so. In our opinion this constituted contributory negligence because plaintiff’s conduct fell below that standard to which a reasonable man should conform for his own protection. Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972).
For the foregoing reasons the judgment of the trial court is affirmed; all costs of these proceedings to be paid by plaintiff.
Judgment affirmed.