306 So.2d 60 (1974)
Mrs. Brenda Hingle BUBRIG
v.
PHOENIX OF HARTFORD INSURANCE COMPANY et al.
No. 6615.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1974.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Donald O. Collins, New Orleans, for defendant and third-party plaintiff-appellant Phoenix of Hartford Ins. Co.
Bubrig & Scandurro, Dominick Scandurro, Jr., Buras, for plaintiff-appellee Mrs. Brenda Hingle Bubrig.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff brought this suit for her husband's wrongful death growing out of an automobile accident in which he was driving an automobile owned by the Plaquemines Parish Police Jury in his capacity and while on duty as Deputy Sheriff of the Parish. The suit against Wilkerson was *61 based upon allegations of negligence by young Wilkerson in the operation of his automobile and against Phoenix and Travelers on allegations that the Wilkersons were uninsured at the time of the accident, bringing into effect the uninsured motorist provisions of the insurers' policies. Phoenix's policy insured the decedent and covered his two personal automobiles while Travelers' policy insured the Parish and decedent as an insured driver and covered the automobile which decedent was driving. The judgment of the trial court was in favor of plaintiff against Wilkerson for $195,000 and against Phoenix for $10,000, together with statutory penalties and attorney's fee in the amount of $2500. Phoenix alone has appealed from that judgment.
For its first assignment of error Phoenix claims that the policy excluded coverage under the circumstances where decedent was using an automobile furnished to him by his employer during the regular course of his business. While it does not refer us to any specific exclusion in the uninsured motorists provisions of its policy, Phoenix contends that certain provisions found in the liability portion of the policy provide a basis for it to avoid coverage.
The policy is divided into four parts: "PART ILIABILITY," having to do with Coverages A and B for bodily injury and property damage liability; "PART II EXPENSES FOR MEDICAL SERVICES," having to do with Coverage C for medical payments; "PART IIIPHYSICAL DAMAGE," having to do with Coverages D through I for such things as comprehensive, collision, fire, theft and towing losses; and "PART IVFAMILY PROTECTION COVERAGE," having to do with Coverage J for uninsured motorists coverage. Each part of the policy contains its own particular exclusions and while Part ILiability, does contain the following exclusion:
"(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in
. . . . . .
(2) Any other business or occupation of the insured ..."
Part IVFamily Protection Coverage, does not contain the quoted exclusion but contains only three exclusions which are not applicable to the case before us.
The insuring clause under Part IV clearly affords coverage to decedent for uninsured motorist protection under the circumstances of this case, and since Part IV's exclusions do not pertain to this situation it cannot be said that there is no coverage. Limitations on and exclusions from coverage under a policy must be clearly expressed by the insurer and any doubt must be construed against it. Kendrick v. Mason, 234 La. 271, 99 So.2d 108, Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3rd Cir. 1967). Phoenix's position does not withstand this test. On the contrary only a strained interpolation of the policy's provisions would support it.
With respect to penalties and attorney's fees, Wilkerson filed an answer in which he denied that his son caused the accident by his negligence, denied that his son was an uninsured motorist at the time and made an affirmative defense of contributory negligence on the part of decedent. When the trial began there was a stipulation that Russell Wilkerson had no policy of liability insurance on his automobile and covering his son, but the case went to trial on the issues of liability raised by the pleadings including the specific question as to whether young Wilkerson was the driver of the automobile at the time of the accident. The issue of the uninsured status of young Wilkerson was likewise to be adjudicated since the stipulation did not necessarily preclude other possibilities of insurance applicable to Wilkerson.
As in all civil cases, the plaintiff has the burden of proof, and it was incumbent upon the plantiff to prove these contested *62 issues, including the uninsured status of the defendant. See Talazac v. Phoenix of Hartford Insurance Company, 259 So.2d 636 (La.App. 4th Cir. 1972); Macaluso v. Watson, 188 So.2d 178 (La.App. 4th Cir. 1966); Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81.
There is sufficient evidence in the record to show that young Wilkerson was the driver of his father's car and that he was uninsured. Furthermore the record supports the trial judge's conclusion that the accident was caused by Wilkerson with no contributory negligence on Bubrig's part. But, it was not arbitrary or unreasonable for Phoenix to require plaintiff to prove her case and to decline payment in the meantime. Thus, the imposition of statutory penalties and attorney's fees was not warranted.
Accordingly, the judgment appealed from is affirmed but is amended so as to delete therefrom statutory penalties and attorney's fee. Phoenix is to pay the cost of this appeal.
Amended and affirmed.