359 So.2d 1327 (1978)
Mr. and Mrs. Louis R. BECK, for themselves and for the use and benefit of Kristel Fay Beck, their minor daughter
v.
ALLSTATE INSURANCE COMPANY.
No. 9239.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied June 30, 1978.
*1328 Hugh G. Oliver Westwego, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, E. Ross Buckley, Jr., New Orleans, for defendant-appellee.
Gerald J. Arceneaux, Westwego, for third-party defendant-appellee, Heard J. Morales, Jr.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
Plaintiffs appeal from the dismissal of their suit on behalf of their six-year-old child for injuries sustained when she was struck by an automobile traveling in a westerly direction on La. Hwy. 18, the River Road. The child and her 11-year-old sister were attempting to cross the highway from their home located on the south side of the River Road to the levee to join their parents. The younger child had reached the northern edge of the highway nearest the levee when she was struck by the right front of the automobile. She was knocked into a ditch at the base of the levee and sustained a broken arm and other injuries.
Plaintiffs' suit was directed against their insurer under the uninsured motorist provision of the policy. The driver of the automobile, Heard J. Morales, Jr., was not made a party defendant. The petition alleges the driver was an uninsured motorist and his negligence was the cause of the accident and injuries. The insurer, in a third-party demand, seeks indemnification from the driver in the event that it is cast in judgment.
The court, in dismissing the main demand and the third-party petition, concluded that plaintiff had failed to show 1) that the driver was an uninsured motorist and 2) that the driver was negligent. The record supports the trial court's conclusions. Accordingly, we affirm.

UNINSURED MOTORIST
A plaintiff seeking to enforce a claim under the uninsured motorist provision *1329 of an automobile liability policy may make prima facie proof by affidavit that the other vehicle is uninsured. LSA-R.S. 22:1406(D)(6).[1] Absent such an affidavit, the plaintiff has the burden of proving by other evidence the offending driver is uninsured. See Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972); Bubrig v. Phoenix of Hartford Insurance Company, 306 So.2d 60 (La. App. 4th Cir. 1974). In his reasons, the trial judge stated that not "one scintilla of evidence" had been introduced to indicate the driver was uninsured. Our consideration of the record supports the trial judge's reasons. The record simply failed to contain any evidence which would establish that the driver was an uninsured motorist.

DRIVER'S NEGLIGENCE
The accident occurred shortly after 5:00 p.m. on a June afternoon. The weather was clear and the highway dry. According to the driver, he first saw the child at a distance of 50 feet as she ran onto the highway across the path of his vehicle. At that point he immediately applied his brakes and skidded in the process.
It is not seriously contended that the driver, after seeing the child, was negligent. Rather, the more serious inquiry is whether he saw or should have seen the child before she came into the street and whether the presence of the children at roadside required a prudent driver to reduce his speed.
Morales testified that he was traveling at a speed of 35-40 miles per hour in a 40-m.p.h. speed zone; that the child ran in front of his automobile, from left to right, about 50 feet in front of his vehicle; that he immediately applied his brakes and skidded to a point where the right front of the automobile, moving at a speed of 10-15 miles per hour, struck the child who had reached a point on the right or north edge of the highway. This testimony, together with the 88.6' skid marks measured by the investigating police officer, as well as the testimony of the driver of a following vehicle, support the conclusion that Morales was not traveling in excess of the speed limit.
Though plaintiff testified that measurements of the skid marks (taken by him at approximately 3:00 a.m. on the morning following the accident) were 97' 8" in length, we cannot say the trial judge erred in placing more reliance, in oral reasons for judgment, on the measurements made by the investigating police officer.
The injured child and her older sister who was walking a bike came from the house and crossed the front yard of their home before reaching the highway. The older sister testified that the younger child ran ahead and into the street in front of her when she (the witness) was standing in the driveway between her father's parked car and the front yard fence. The independent witness following the Morales car stated that plaintiffs' parked vehicle was even with the fence and was approximately 10 to 12 feet from the roadway. Morales stated that he had first seen her at the point when she reached the highway and was running. He further testified that the parked car and debris and building materials in the yard obstructed his view and that the front of the house was at a distance of 30' from the highway.
Although the car was parked in the driveway and there was some debris, building materials and bricks in the yard, this evidence is not significant in the ultimate determination of whether or not the driver was negligent. Though the older child testified that some of the materials stacked in the front yard were "about as tall" as her younger sister, the witness stated that this trash was "back by the house". She testified that a mortar box and trash in the front of the yard were only about a foot *1330 high. Furthermore, her testimony does not clearly indicate on which side of the parked vehicle she and her sister were located as they approached the highway, i. e., whether or not on the side nearer the approaching vehicle. A fair interpretation of the evidence is that neither the debris nor the car constituted an obstruction.
Although we conclude there existed no significant obstruction of the driver's view of the children, the record does not contain evidence of the children's presence at roadside which would have placed a driver on notice requiring a reduction in speed. There is no evidence that the children were standing, playing or waiting for any extended time to cross the street or engaged in any other activity at roadside prior to the moment the child ran in front of the automobile. The evidence indicates the children walked from the house toward the road and when they reached approximately 10 or 12 feet from roadside, the younger child ran into the highway in front of the automobile.
Under the circumstances, we cannot say the trial judge erred when he concluded plaintiffs failed to carry the burden of establishing the driver's negligence. We are not here confronted with a situation similar to Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978) or Dupas v. City of New Orleans, 354 So.2d 1311 (La.1978), where the question was the contributory negligence of the pedestrian. In those cases, the driver's negligence was established. In our case, however, no showing has been made of the driver's negligence and the Baumgartner and Dupas cases are clearly distinguishable from the instant one.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] The act refers to an affidavit of the uninsured owner and operator or an affidavit of the Casualty and Surety Insurance Division or evidence that the owner and operator of the uninsured vehicle is a nonresident and has no automobile liability insurance.