GULOTTA, Judge.
This matter involves the interpretation of the unscheduled personal property loss coverage of a homeowners insurance policy. The loss was suffered by a person other than the insured on the insured premises as a result of a burglary. Finding coverage under the policy, judgment was rendered in favor of plaintiff[1] for the amount of the loss. We affirm.
The matter was submitted on a stipulation of facts which, in pertinent part, states:
“1. That Dr. and Mrs. Louis C. Cusaehs reside at 7711 Willow Street. On June 25,1974, the Cusaehs departed the United States for Buenos Aires, Argentina, for a period of approximately six months, on sabatical.
2. That prior to this departure, the Cu-sachs arranged for three girls, Mary Hainkel, Patricia Connolly, and Jane Cunningham to reside in the Cusaehs’ home as “house-sitters” and to remain therein until the Cusaehs’ return to New Orleans. Under the terms of the arrangement, the girls paid the gas, electric, and water bills, fed the family dogs and tropical fish, and kept the yard up. Dr. Cusaehs continued to pay the maid, who appeared twice weekly. The Cusaehs left all their furniture and household wares at their Willow Street home, as well as those items of clothing not needed in Argentina.
3. That on August 18, 1974, approximately two months after the Cusaehs’ departure, the house was burglarized. Among the items stolen was property belonging to Mary Hainkel valued at $880.81.”
The provisions of the policy under which plaintiffs seek recovery read as follows:
“COVERAGE C — UNSCHEDULED PERSONAL PROPERTY
This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others *1234 while on the portion of the premises occupied exclusively by the Insured.”
Defendant claims that personal property of persons other than the insured are covered under the policy when the loss occurs on the insured’s premises only when those premises are occupied “exclusively” by the insured. According to defendant, because the named insured, Dr. and Mrs. Cusachs, were out of the country on a six month sabbatical leave when the burglary and loss occurred, the premises were not “occupied exclusively by the insured” and the loss is not covered under the policy. We do not agree.
As pointed out by the parties to this dispute, the words “occupied exclusively” are not defined in the policy. A reading of Coverage C in its entirety, however, indicates that coverage is extended to personal property losses on premises owned or used by the insured; on other than the described premises owned or used by the insured; for losses of a guest while in a residence occupied by the insured; and losses of a residence employee in the described premises or in a residence occupied by the insured. Finally, coverage is afforded under the policy (in dispute in this case) for losses by others while on the premises occupied exclusively by the insured:
The policy involved is a standard homeowners policy with the usual homeowners coverage and additional endorsements. Among other specific exclusions under Coverage C are thefts while the described dwelling is rented or leased to others. Clearly, the reason for this exclusion is that this type of coverage comes within the scope of a landlord and tenants policy.
We reject defendant’s claim that coverage is extended under this policy for losses which occurred under such circumstances
where the insured’s physical presence, although not constant, is “sufficiently regular” to exercise physical control and supervision over his household. The clear intent of this homeowners policy is to cover losses which occur on premises used as a household of the named insured as distinguished from other premises rented to others by the insured or business premises of the insured.[2] Because the named insured was temporarily away from the premises for an extended period of time, but had arranged with persons to occupy the premises in the absence of the insured for the protection of the premises and its contents, we cannot conclude that the premises were not exclusively occupied by the insured.
This is not a case where the named insured owner has allowed the insured premises to become vacant or unoccupied for an extended period of time. In these instances the policy provides that coverage is not extended where the described building “is vacant or unoccupied beyond a period of sixty (60) consecutive days . . . ”
We are cognizant of that line of Louisiana jurisprudence which states that any ambiguities in an insurance contract, particularly exclusions, are to be construed against the insurer. See LSA-C.C. art. 1957; Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958); Bubrig v. Phoenix of Hartford Insurance Company, 306 So.2d 60 (La.App. 4th Cir. 1974). However, we do not find ambiguity in the provision of this policy which includes “premises occupied exclusively by the insured.”
The determination of the trial judge that the policy covers the personal property loss in this case is correct. The judgment is affirmed.

AFFIRMED.

. Plaintiff General Accident Fire and Life Assurance Corporation paid the claim under a homeowners policy for the amount of the loss less the deductible and asserts this claim in subrogation. The remaining plaintiff is asserting a claim for the $100 deductible against the insurer of the premises where the burglary occurred.

. See COVERAGE B — APPURTENANT STRUCTURES . . .
This coverage excludes:
1. Structures used in whole or in part for business purposes; or,
2. Structures rented or leased in whole or in part or held for such rental or lease . . .
to other than a tenant of the described dwelling.
Further, COVERAGE C — UNSCHEDULED PERSONAL PROPERTY, in describing the perils insured, specifically excludes under the general theft exclusions:
. (b) Theft Exclusions applicable while the described dwelling is rented to others: . .