379 So.2d 27 (1979)
Donald LAUNEY et al., Plaintiffs-Appellees,
v.
Lee THOMAS et al., Defendants-Appellants.
No. 7299.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
Rehearing Denied February 4, 1980.
Writ Refused March 21, 1980.
*29 Offices of Stephen J. Ledet, Jr., by Bruce A. Gaudin, Opelousas, for defendants-appellants.
Preston N. Aucoin, Ville Platte, for plaintiffs-appellees.
Before CULPEPPER, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
Plaintiff Donald J. Launey, Jr., and his wife Connie T. Launey filed suit for themselves individually and on behalf of their minor daughter, Nicole Launey, for medical expenses and general damages based on an automobile accident. The accident happened on May 30, 1977 at about 6 o'clock P.M. on West Main Street in Ville Platte, Louisiana. Named defendants were Lee Thomas, alleged to have been uninsured, and the Hanover Insurance Company, the Launeys' uninsured motorists carrier.
The trial judge found that the negligence of Lee Thomas in striking the Launey car from the rear was the sole cause of the accident. He further found that Lee Thomas was an uninsured motorist and that Hanover provided uninsured motorists coverage for plaintiffs. He awarded Donald J. Launey, Jr. medical expenses in the total amount of $1,175.05, together with an additional special damage item of $79.32 representing lost wages of Connie T. Launey. He awarded general damages of $25,000 to Connie T. Launey for her personal injuries, and $3,500 to Donald J. Launey, Jr., on behalf of his minor child, Nicole, for her personal injuries. Additionally, he awarded property damage to Donald J. Launey, Jr., in the amount of $429, but only against defendant Lee Thomas. Finally, he imposed statutory penalties of 12 percent on the total awards (except for property damages) and attorney's fees in the amount of 33 1/3 percent of said awards. The imposition of penalties and attorney's fees was based on LSA-R.S. 22:658.
From this judgment the Hanover Insurance Company appealed. Plaintiffs answered the appeal praying for an increase in the award of attorney's fees.
The Hanover Insurance Company assigns six errors:
I. The Trial Judge erred in holding that plaintiff had satisfied his burden of proving that the uninsured motorists provisions of the Hanover policy are applicable, and who the owner of the adverse vehicle was.
II. The Trial Judge erred in concluding that Ms. Connie Launey was not a contributing cause of the accident and injuries.
III. The Trial Judge erred in permitting the introduction of evidence of compromise and settlement at the trial on the merits.
IV. The Trial Judge erred in granting awards for pain and suffering and for special damages in sums unsupported by and even contradictory to the facts and the law, and in failing to recognize credits for payments made prior to the trial.
V. The Trial Judge erred in finding that Hanover was arbitrary and capricious, and in awarding penalties not prayed for or proven, and attorney's fees in a grossly excessive amount.
VI. The Trial Judge erred in refusing to grant a New Trial, or even a hearing on appellant's application therefor, in light of the reasons set forth in appellant's Rule.

I.
The first assignment of error is that the trial judge erroneously held that the plaintiffs had satisfied their burden of proving the uninsured status of the other driver, Lee Thomas.
Defendant Lee Thomas, whose automobile rear-ended that of plaintiffs, testified at the trial on cross-examination that it was his car he was driving and that he did not have liability insurance. This was all the testimony offered by plaintiffs on the subject of uninsured status. LSA-R.S. 22:1406(D)(6) provides for the admissibility *30 of sworn notarized affidavits as prima facie proof of uninsured status. No affidavits were offered in evidence in this case, but the statute does not mean that affidavits are the exclusive methods of proof. Absent such affidavits, plaintiffs may sustain their burden of proving the offending driver is uninsured by other evidence. See Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972); Beck v. Allstate Insurance Company, 359 So.2d 1327 (La.App. 4th Cir. 1978). We find no error in the trial judge's acceptance of the sworn and uncontradicted testimony of the owner-driver as proof there was no insurance on his car.

II.
The second error complained of was the trial judge's finding that Ms. Launey, driver of plaintiffs' car, was free of contributory negligence. Ms. Launey was stopped in her lane of traffic with turn signals and brake lights in operation, waiting for traffic so she could turn left. Defendant Thomas was driving behind her. He testified that moments before the accident he had his head turned talking to his wife who was in the front seat with him. Thomas' inattentiveness was the cause of the accident. We find no manifest error in the trial court's finding that Ms. Launey was free of contributory negligence.

III.
The third assignment of error concerns the admission of evidence regarding compromise or settlement.
In a pretrial conference, the trial court indicated it would allow in evidence the details of pretrial settlement negotiations. Considerable evidence regarding those negotiations was admitted. It is apparent that the purpose for admitting this evidence was to test the reasonableness of Hanover's conduct in handling the claims being asserted by its insured under the uninsured motorists coverage. The trial court relied on Soniat v. State Farm Mutual Automobile Insurance Company, 340 So.2d 1097 (La. App. 4th Cir. 1976), which held that the penalties statute LSA-R.S. 22:658 applies to uninsured motorists claims.
While we shall pretermit a specific determination of whether this circuit agrees with Soniat insofar as that case concerns the application of the penalties statute to uninsured motorists claims, we cannot say the trial court was manifestly in error in admitting the evidence considering the limited purpose for which it was received.
Compromise or offers to compromise are generally inadmissible to prove liability, but they may be admissible for other purposes. Broussard v. State Farm Mutual Automobile Insurance Company, 188 So.2d 111 (La.App. 3rd Cir. 1966).

IV.
This assignment of error addresses itself to the excessiveness of the awards for pain and suffering made to Ms. Launey and the child, Nicole Launey, and to the trial court's failure to recognize credits for special damages paid prior to the trial.
The Award to Ms. Launey
The trial court awarded Ms. Launey general damages for her pain and suffering in the amount of $25,000, which was the policy limit under the uninsured motorists coverage for one person.
Appellant urges that this award was manifestly excessive as this plaintiff had nothing but a soft tissue injury to her neck, and that the award should be reduced to no more than $4,000.
In his reasons for judgment the trial court based the award on its conclusions that as a result of the accident (May 30, 1977) plaintiff Ms. Launey suffered a chronic muscle strain of the neck with tension myositis. It found that as of the trial date, January 12, 1979, she was still suffering from these symptoms. It further found on the basis of orthopedic testimony an expectation of continued pain and suffering for an additional six to 12 months. From this it determined the chronic condition would have a total duration of two and a half years post-accident.
*31 Our review of the evidence as it relates to her injuries reveals that Ms. Launey, 31 years old at the time of the accident, was driving the family car which was unexpectedly hit from the rear. Damage to her car was $429. She immediately complained of pain in the upper back and neck and she was seen that same day by Dr. Henry Dupre of Ville Platte who hospitalized her for four days. Dr. Dupre described the initial injury as affecting several muscle groups in the upper back and neck. While she was hospitalized she was administered medication and physical therapy. Spasm was noticed in the muscles of the upper back. She was discharged from the hospital to home rest with instructions to continue on her medication.
About a week after the accident she returned to her job as a receptionist at a local bank. At the time of her discharge from the hospital, Dr. Dupre felt she would be symptomatic for a period of from three to six weeks, with possible exacerbations of pain and soreness and irritability for up to a year to two years. After her discharge from the hospital, she was given a series of diathermy treatments on two separate occasions. At one point she developed a bursitis which the doctor attributed to the accident.
Between the date of the hospital discharge, June 2, 1977, and August 1, 1977, Dr. Dupre had telephone consultations with her at which times she complained of persistent problems. He saw her again in his office on August 1, 1977 and examined her and at this time she continued to complain of persistent pain involving the upper back region with inflammation of the rhomboid muscle groups on the right side and rhomboid bursitis. He was again able to find objective evidence of injury on this occasion. He saw her again in the office on December 1, 1977, and was consulted thereafter on an unspecified number of times on the telephone. In early 1978 noting that Ms. Launey was continuing to have symptoms of pain and stiffness and significant limitations in what her normal activities entailed, he decided on a consultation with a specialist. She was referred to Dr. Lionel Mayer, an orthopedist in Opelousas.
Dr. Dupre saw her once more on July 27, 1978, at which time she was continuing to have chronic muscle inflammation and chronic myositis and fibrositis which he believed to be related to the accident. He had no contact with her after July 27, 1978.
Dr. Mayer, an orthopedist, and the only other doctor to see Ms. Launey, saw her first on February 22, 1978 and again on December 18, 1978. His findings on the latter visit which was some 18 months postinjury, were about the same as those on his first examination. Although he could find no objective evidence of nerve root compression or cervical disc involvement, he noted that she was still having problems. He further stated that he felt her complaints were on a legitimate basis and that he had no reason to doubt her. It was his opinion that she had a chronic muscle strain with tension myositis, and that this would persist for an indefinite period of time. He did not believe that any treatment other than mild analgesics was indicated. He said:
"I think it's a matter of simply the patient accepting what she has, with the hope that subsequently the aching and the pain will eventually disappear. These patients differ from individual to individual. Some get well in several weeks to several months and some may hurt for two years or so."
He also stated that while all patients differ, in this particular patient's case he thought that her condition was of a mild degree and that she was never disabled when he saw her. His final opinion was that the prognosis for full recovery was quite good and he estimated this to occur within six to 12 months from December of 1978, which figures out to be between 24 to 30 months post-injury.
At the trial on January 12, 1979, Ms. Launey testified that she was continuing to have difficulties and this was supported by testimony of others.
In determining whether the "much discretion" of the trial court in awarding damages under La.Civil Code Art. 1934(3) has or *32 has not been abused in this case, we follow the methodology of appellate review of awards for general damages as explained in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976) and Reck v. Stevens, 373 So.2d 498 (La.1979). Our initial inquiry as mandated by these decisions must be directed at whether the trial court's award for the particular injuries and their effects on this particular injured person was a clear abuse of discretion. At this initial inquiry we are not permitted to consider prior awards except as to their limited function as aids where the present award is shown to be greatly disproportionate to the mass of past awards for truly similar injuries. Appellant and appellee have each cited numerous prior awards which are offered to show respectively that the award was either excessive or correct. We are unaided by these awards since we find none of them to be truly similar to the instant facts. There are some surface similarities but we are mindful of language in Coco at 341 So.2d 335-36 which points out that no two cases are exactly alike.
We have carefully considered the evidence on which this award was based. Ms. Launey suffered a bothersome injury but not a serious one. The award of $25,000 was excessive. Based on the evidence in the record, the maximum award possible for this plaintiff's injuries under the particular circumstances of the present case is $15,000. We will reduce the award to $15,000. The Award on Behalf of Nicole Launey We turn now to a consideration of the alleged excessiveness of the award on behalf of the child. The trial judge found that the little girl, who was three years old at the time of the accident, sustained multiple contusions and sprains involving the paraspinal muscles of the back. The Court awarded her $3,500 in general damages for her pain and suffering.
The record reveals that little Nicole was sitting in the front seat with her mother and on impact she was thrown into the back seat. She was seen in the emergency room with complaints of pain in the lower back area. The medical opinion of Dr. Henry Dupre, examining physician in the emergency room, was in the form of a letter report. It shows that Nicole was under no acute distress and that the physical examination was unremarkable. She complained of pain on examination and palpation of the lower back, especially the left flank. She was nauseated initially but had no vomiting. The doctor's final diagnosis was muscle contusion and sprain involving the paraspinal muscles of the back. She was discharged to the care of her family.
The child's mother, Ms. Launey, testified that when she got home Nicole was given Tylenol to relax her, that she did not seem to be "hurt bad", and that she was not again seen by a doctor. Nicole's babysitter also testified that the child for two or three days complained of back pain, had to be sedated and was upset about the accident.
The award of $3,500 for this injury was excessive. The entire body of evidence in the record pertaining to Nicole's injuries can be read in less than a minute. The paucity of evidentiary substantiation of significant injury is compatible with its brevity. Even the child's mother said she was not badly hurt. We find that an award of $1,500 is the maximum award possible for Nicole's injuries and we will reduce it to that amount.
Credit for Special Damages Paid Prior to Trial
The trial judge awarded plaintiff Donald J. Launey, Jr. judgment for medical expenses in the amount of $1,175.05 as well as judgment for Ms. Launey's loss of wages in the amount of $79.32. These awards were in error as these amounts had already been paid to plaintiff Launey by Hanover prior to trial.

V.
The decision to award penalties and attorney's fees under LSA-R.S. 22:658 was apparently based on Soniat v. State Farm Mutual Automobile Insurance Company, supra. This case, as we mentioned earlier, held that where an insurer cannot reasonably deny its insured's claim on the grounds *33 of liability or uninsured status, the insurer must unconditionally tender the unquestioned special damages as well as some reasonable amount in payment for the general damages, and if no reasonable basis exists for its failure to do so, the penalty provisions will apply.
It is unnecessary for us to presently express an opinion concerning the application of LSA-R.S. 22:658 to uninsured motorists claims. We pretermit the subject. It suffices, on these particular facts, to observe simply that Hanover's conduct was not arbitrary. It paid the special damages as and when presented. It made an unconditional offer of settlement. Its offer of $2,500 to Ms. Launey, while low as compared to the amount we find acceptable as the outer limit for this particular case, was not so unreasonable as to brand its conduct arbitrary by the strict standards according to which R.S. 22:658, if applicable, must be applied.
There was manifest error in the finding that Hanover's conduct was arbitrary.

VI.
The last assignment of error was addressed to the failure of the trial judge to grant a hearing on appellant's motion for a new trial.
The motion for a new trial was presented to the judge and the grounds for the motion were stated therein. Attached to the motion itself was an order which began with this language:
"Considering the rule for new trial previously filed herein on behalf of The Hanover Insurance Company and the items of error contained there ..."
following which was the order with blank spaces to be filled in setting a date and time for a hearing. This portion of the order was lined out and on the margin beside it in his handwriting, the trial judge wrote "motion denied", then signed and dated his ruling.
The contention that a motion for a new trial must be heard contradictorily is without merit. Such a motion may be denied summarily without holding a contradictory hearing. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971).
For the reasons assigned herein, the judgment of the trial court awarding Donald J. Launey, Jr. special damages in the amount of $1,254.37 is reversed. The judgment on behalf of Connie T. Launey is amended to reduce the award to $15,000. The judgment on behalf of Nicole Launey is amended to reduce the award to $1,500. The judgment awarding penalties and attorney's fees is reversed. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between appellant and appellees.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART; AND RENDERED.