539 So.2d 784 (1989)
Rufus FULLER, et ux., Plaintiffs-Appellees,
v.
Dave MOSER, et al.
(American Risk Assurance Company, Defendant-Appellant).
No. 87-1222.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Hicks & Bookter, Claude W. Bookter, Jr., Shreveport, for defendants-appellants.
David W. Clark, Robeline, in pro. per.
Lisa McCowen, Natchitoches, for plaintiffs-appellees.
*785 Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
David W. Clark was driving his parents' automobile when he made a left turn and collided with an oncoming pickup truck driven by Earlene Fuller. The accident occurred at an intersection in Natchitoches, Louisiana. Accompanying Earlene Fuller in the truck was her seven-week-old son, Cody, who was strapped into a baby carseat. Earlene and her husband, Rufus, filed suit seeking damages to redress both Earlene's and Cody's injuries. Rufus also sought damages for loss of consortium. After some procedural maneuvering, the only remaining defendants were David Clark and American Risk Assurance Company (American), the Fullers' uninsured motorist carrier.[1]
Plaintiffs obtained a default judgment against David Clark, which was confirmed on June 2, 1987. The judgment awarded the Fullers $5,000.00, plus medical expenses totaling $569.00. On June 9, 1987, trial was held on plaintiffs' claim against American. The court awarded $5,000.00 to Earlene Fuller, $5,796.00 to Rufus Fuller, and $1,000.00 for damages incurred by Cody Fuller. American now appeals.
On appeal American contends that the trial court: (1) erroneously found that David W. Clark was uninsured; (2) erroneously increased the damage awards from the prior default judgment; (3) erroneously awarded Rufus Fuller $5,000.00 for loss of consortium; and (4) erroneously awarded $1,000.00 in damages to Cody Fuller. After a thorough review of the record, we find no merit to any of defendant's contentions and thus affirm the trial court's decision.

PROOF OF UNINSURED STATUS
American contends that plaintiffs failed to properly prove that David Clark was uninsured. American refers to the provisions of LSA-R.S. 22:1406(D)(6) which places the burden upon the plaintiff to prove that the defendant is uninsured. The statute also provides that, in order to prove uninsured status, a plaintiff may present: (1) a notarized statement from the owner and operator giving their current addresses and stating that the vehicle is not insured; (2) a notarized statement from the Department of Public Safety; or (3) any other admissible evidence showing that the owner and operator are nonresidents along with an affidavit from the Department of Public Safety. American points out that plaintiffs produced no such evidence.
The plaintiffs did present the testimony of the car owner (David's mother), Sandra Clark. She stated that the car was not covered by any insurance because the policy previously covering the car had expired. David W. Clark also testified that he was not covered by any insurance. American contends that this evidence was not sufficient proof of uninsured status under the provisions of R.S. 22:1406(D)(6).
We have already considered this issue in the case of Launey v. Thomas, 379 So.2d 27, 29-30 (La.App. 3d Cir.1979), writ denied, 381 So.2d 1233 (La.1980). In Launey the only testimony that plaintiffs presented concerning uninsured status was by the defendant, who stated that he was driving the automobile and that he did not have liability insurance. In holding that defendant's statements were sufficient proof of uninsured status, we stated:
"LSA-R.S. 22:1406(D)(6) provides for the admissibility of sworn notarized affidavits as prima facie proof of uninsured status. No affidavits were offered in evidence in this case, but the statute does not mean that affidavits are the exclusive methods of proof. Absent such affidavits, plaintiffs may sustain their burden of proving the offending driver is uninsured by other evidence. We find no error in the trial judge's acceptance of the sworn and uncontradicted testimony of the owner-driver as proof there was no insurance on his car." (citations omitted) *786 Similarly, in the present matter the only testimony concerning uninsured status was that of the owner and the driver of the car. Thus, we hold that under Launey this testimony was sufficient proof of the uninsured status of David W. Clark.

DAMAGES
In the default judgment, the trial court awarded $5,000.00 in general damages and $569.00 in special damages. After trial on the merits, the court awarded $5,000.00 to Earlene Fuller; $5,000.00 to Rufus Fuller, for loss of consortium; $1,000.00 to Cody Fuller; and $796.00 in special damages. American contends that the damages awarded were excessive and should not have exceeded what was awarded in the default judgment. American claims that no additional evidence of damages was presented in the trial against it. We do not agree.
A review of the record reveals that the plaintiffs presented testimony at trial concerning all of their claimed damages. This testimony was more extensive than the testimony presented at the default judgment hearing. Earlene Fuller detailed the problems she was having with her neck, the visits to doctors, and the type of rehabilitation exercises that she performed. Earlene and Rufus Fuller both testified concerning the changes in their relationship. They testified as to the types of everyday activities which Earlene could no longer perform, as well as to the changes in their sexual relationship. Both also testified concerning the problems incurred by Cody.
The trial court also increased special damages by $227.00 over the amount awarded in the default judgment. The court detailed this amount which included two additional bills owed to Natchitoches Parish Hospitalone for $147.00 and one for $80.00. Since these bills are contained in the record, we do not find that the trial court's inclusion of these amounts as special damages was erroneous. Based upon the additional testimony and the bills contained in the record, we hold that the trial court was not in error in increasing the damage awards.
American also contends that the trial court erred when it awarded $5,000.00 to Rufus Fuller for loss of consortium. American basically argues that the award for loss of consortium to Rufus Fuller should not equal the amount awarded to his wife for her bodily injuries. American points out that most loss of consortium awards are lower than the amounts awarded for the principal injury. Thus, apparently, American contends that a spouse's award for loss of consortium must be less than the amount awarded to the other spouse for his or her bodily injury. We are aware of no such proposition of law. The trial court evaluated the neck injury suffered by Earlene Fuller and awarded her $5,000.00 in damages. It also evaluated Rufus Fuller's claim for loss of consortium and awarded him $5,000.00. The trial court has great discretion in assessing damages that cannot be calculated with certainty. We find no abuse of discretion here and do not disturb that award. See Finley v. Bass, 478 So.2d 608, 614 (La.App. 2d Cir. 1985).
Finally, American contends that the $1,000.00 award to Cody Fuller is excessive. We disagree. Cody Fuller was buckled in a baby carseat at the time of the accident. Although he suffered no serious injuries, both parents testified that he cried much more after the accident than he previously had; that he was much more frightened of noises than he was prior to the accident; and that he required much more attention than previously. We hold that the trial court's award of $1,000.00 on behalf of Cody Fuller was not an abuse of discretion.
For the foregoing reasons the decision by the trial court is affirmed. Costs of this appeal are taxed to appellant, American Risk Assurance Company.
AFFIRMED.
NOTES
[1] Among the defendants dismissed were: Worldwide Insurance Brokers, Inc., an insurer of plaintiffs and Dave Moser, a former owner of the vehicle driven by Clark.