PICKETT, Judge.
This is an action by plaintiffs, Odell Dalton and Jacqueline Dalton, husband and wife, against the Allstate Insurance Company, based upon the uninsured motorist protection provision of an automobile liability policy issued by defendant in favor of the plaintiffs as the insureds, claiming damages for medical expenses and personal injuries, respectively, occasioned by an automobile accident in which plaintiff, Mrs. Jacqueline Dalton, was involved on November 4, 1967, in the City of Baton Rouge, Louisiana. The plaintiffs alleged that a 1964 Oldsmobile, driven by Mrs. Dalton, while attempting to make a left turn into the Greenwell Springs Road, was struck by a 1964 Cadillac, owned and operated by Martin Paul, who ran a red light; and that the accident was caused solely and only by the negligence of the driver of the Paul vehicle which was uninsured.
The defendant answered and alleged that the negligence of plaintiff, Jacqueline Dalton, caused the accident; and, therefore, denied any liability. In the alternative the defendant alleged that if there was any negligence on the part of Martin Paul that Mrs. Jacqueline Dalton was contributorily negligent; and that her contributory negligence was a bar to her right of recovery of damages as well as that of her husband. The Allstate Insurance Company filed a third party action against Martin Paul for any sum awarded to plaintiffs in the original demand. Martin Paul, the third party defendant, answered the third party petition, denied liability, and in a reconven-tional demand alleged that plaintiff, Odell Dalton, and the defendant were indebted unto him in the sum of $147.65 for damages sustained by his automobile in said accident. Plaintiff, Odell Dalton, and the Allstate Insurance Company filed a plea of prescription as to the reconventional demand of Martin Paul.
In a pretrial conference the Allstate Insurance Company and Martin Paul agreed that the third party defendant’s reconven-tional demand had prescribed. It was stipulated in the pretrial conference that an accident occurred November 4, 1967, at the intersection of Ardenwood and Green-well Springs Road, Baton Rouge, Louisiana, involving the 1964 Oldsmobile driven by Jacqueline Dalton and a 1964 Cadillac driven by Martin Paul. It was also stipulated that the Allstate Insurance Company is the insurer of the Dalton vehicle and that the uninsured motorist provisions were contained in its policy of insurance.
At the beginning of the trial of this case, counsel for the third party plaintiff moved orally to amend the third party petition to add the sum of $98.66 as a part of its subrogation rights against the third party defendant because of repairs made to the automobile of Odell Dalton. Counsel for the third party defendant objected to the oral amendment, but the court allowed the amendment subject to the objection.
The case was tried and resulted in a judgment in favor of Mrs. Jacqueline Dalton for the sum of $200.00 for her personal injuries, and in favor of Odell Dalton in the sum of $400.00 for medical expenses with legal interest, all against the Allstate Insurance Company under its uninsured motorist clause of the policy of insurance that covered the Dalton vehicle. There was judgment in favor of Allstate Insurance Company and against Martin Paul in the sum of $698.66 with legal interest. The Allstate Insurance Company has appealed suspensively; and Martin Paul has appealed devolutively.
We shall first consider the issues of negligence and contributory negligence. *457 The evidence shows conclusively, that on November 4, 1967, the plaintiff, Jacqueline Dalton, operating a 1964 Oldsmobile was traveling in a northerly direction on North Ardenwood Street in the City of Baton Rouge. At about the same time Martin Paul was operating a 1964 Cadillac, owned by him, in an easterly direction in the inside lane of the Greenwell Springs Road. The intersection of North Ardenwood and the Greenwell Springs Road was controlled by a traffic light. Mrs. Dalton testified that she was traveling north on North Ardenwood and stopped for a traffic light when she reached the intersection with the Greenwell Springs Road. As the light changed to green, having given a left turn signal, she proceeded to make a left turn into the Greenwell Springs Road, when Mr. Paul came through the red light and struck her vehicle. Albert Babin, a Baton Rouge City policeman, who in company with Policeman Ray Breaux, Jr., investigated the accident, said the Dalton vehicle was struck on the right front, and the Paul vehicle was struck on the right rear quarter panel. Officer Breaux corroborated the testimony of Officer Babin. The third party defendant, Martin Paul, under cross examination admitted that he told the policemen that he did not remember whether or not the light had turned red when he got to it. Sidney Paxton testified that he was traveling eastward in the outside traffic lane of the Greenwell Springs Road, and stopped in a line of traffic behind one or more vehicles at the intersection with North Ardenwood, because the traffic light was red. Mr. Paxton testified in part as follows:
“Well, they met at the intersection, the two cars met. I was just setting there just waiting for the light to change when I noticed the car coming up to my left, and then that’s when I started watching that car and, you know, then they met at the intersection.”
The district court found that the sole and proximate cause of the accident was the negligence of Martin Paul, the third party defendant, and we concur in his finding that the negligence of Martin Paul was the sole and proximate cause of the accident. We find that the plaintiff, Mrs. Dalton, was free from contributory negligence.
It should be pointed out that Mr. Dalton and his wife brought this suit exclusively under the uninsured motorist clause of the policy; and in their petition they alleged that the sole cause of the accident was the negligence of Martin Paul, who was alleged to be the owner and driver of the uninsured automobile. The pertinent sections of the insurance policy contract are:
“To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “bodily injury”, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile
“uninsured automobile” includes a trailer of any type and means:
(a) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or”
In order that the plaintiffs shall recover damages, it is necessary that they allege and prove that the negligence of Martin Paul was the sole cause of the accident and that they must allege and prove that he was an uninsured motorist. In the case of Marcaluso v. Watson, 188 So.2d 178, the Court of Appeal, Fourth Circuit, said:
“These cases are consistent with the only Louisiana jurisprudence which is to the *458 effect that, in accordance with the general rules relating to the burden of proof in civil actions, the burden in an action on an insurance contract is on the plaintiff to establish every fact in issue which is essential to his cause of action, and that his claim is within the policy coverage. See Boyd v. White, La.App., 123 So.2d 835 (writ refused)”
The plaintiff alleged in paragraph 3 of the petition that the offending vehicle was “owned and driven by Martin Paul”; and in paragraph 8 alleged that the vehicle was uninsured. The district court in an oral opinion said:
“The Court feels that Martin Paul was an uninsured motorist on the basis of pretrial conference even though the testimony today did not elicit that fact from the defendant * * *.”
A careful examination of the record and the transcript of evidence fails to disclose that there was any evidence that Martin Paul was an uninsured motorist. An examination of the pretrial order does not disclose any stipulation that could be construed as an admission that Martin Paul was an uninsured motorist. The pretrial order contained the following:
“Plaintiff seeks recovery from Allstate Insurance Company under its uninsured motorist policy issued to plaintiff, and claims that the cause of the accident was due to the negligence of Martin Paul, who ran a red light and who was uninsured. * * * ”
There may have been an agreement in the pretrial conference between counsel that Martin Paul was an uninsured motorist, but in the absence of positive evidence of any such an agreement, or any other proof that Martin Paul was an uninsured motorist, we find that the plaintiffs have failed to discharge their burden of proving the uninsured status of the offending motorist.
The plaintiffs’ right of recovery of damages under the uninsured motorist provisions of their policy of insurance depends on the uninsured status of the offending motorist, Martin Paul. Although the plaintiffs’ have failed to prove that Martin Paul is an uninsured motorist, in order to insure that the ends of justice is served, we have decided to remand the case to permit the plaintiffs to submit their proof that the offending automobile and its driver were uninsured. A determination of the quantum of damages, if any, is held in abeyance pending a decision of the uninsured status of the offending motorist. Therefore, this case is remanded to the lower court for proceedings in accordance with this opinion.
Affirmed in part and remanded.