LENA GUZZARDO AND JOSEPH M. GUZZARDO
v.
DAVID DAVIS, LYNDSI D. COLLINS, USAGENCIES CASUALTY INSURANCE COMPANY, INC. AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
No. 2008 CA 1835
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
GEORGE R. TUCKER, Counsel for Plaintiffs/Appellees Lena and Joseph Guzzardo.
JOHN T. ROETHELE, Counsel for Defendant/Appellant State Farm Mutual Automobile Insurance Company.
Before: CARTER, C.J., WHIPPLE and Downing, JJ.
DOWNING, J.
State Farm Mutual Automobile Insurance Company (State Farm) appeals an adverse judgment rendered in favor of Lena Guzzardo. The trial court ruled that State Farm was liable to Ms. Guzzardo under her uninsured/underinsured motorist (UM) coverage with State Farm. For the following reasons, we reverse the judgment of the trial court.
In May 2005 Ms. Guzzardo filed suit for damages arising out of an automobile accident in July 2004. She named as defendants David Davis, Lyndsi D. Collins, USAgencies Casualty Insurance Company, Inc. (USAgencies), and her UM carrier, State Farm. In August 2005 Davis, Collins and USAgencies were dismissed with prejudice. The action proceeded only against State Farm. Ms. Guzzardo stipulated that she was seeking damages below $50,000.00, so the case proceeded as a non-jury bench trial. After a trial on the merits, the trial court ruled that State Farm was liable to Ms. Guzzardo for the full extent of its UM coverage.
State Farm now appeals, asserting two assignments of error:
1. The trial court erred in finding that the Plaintiffs met their burden of proof of the uninsured/underinsured motorist status of the alleged tortfeasor.
2. The trial court erred in awarding excessive damages in light of the evidence and/or lack thereof offered at trial.

Factual Framework
Ms. Guzzardo offered only the following evidence to support her claim for UM coverage under State Farm's policy:
 a certified copy of a USAgencies declarations page issued to Davis showing liability coverage of $10,000.00 per person/$20,000.00 per accident. The declaration page covered three vehicles.
 a check from USAgencies to Ms. Guzzardo, her husband and her attorney in the sum of $9,750.00 and a check to the attorney for $250.00 to cover costs.
 a release from Ms. Guzzardo and her husband releasing Davis, Collins and USAgencies from liability.
The record reveals the following information:
 Ms. Guzzardo's portion of the pretrial order appears to refer to another accident, but it contains the statement that "Plaintiff recovered $25,000.00 from the liability carrier."
 After signing the release, Ms. Guzzardo testified that the automobile that hit her was owned by Collins and operated by Davis.
 The receipt and release agreement releases both Davis and Collins "in connection with or arising from the motor vehicle accident . . . involving a motor vehicle operated by DAVID DAVIS[.]" (Underline added.)
Nothing in the record connects the accident with any of the automobiles listed in Davis's USAgencies policy. No testimony was offered regarding the identity of the offending vehicle. No testimony or evidence was offered regarding the nature of the coverage afforded under the USAgencies policy, except for the certified copy of the declarations page issued to Davis.

Burden Shifting/Manifest Error
The trial court found Ms. Guzzardo's evidence sufficient to establish her underinsured status with State Farm, that the burden of proof shifted to State Farm, and that State Farm presented no evidence to contradict Ms. Guzzardo's underinsured status, as follows:
The introduction of plaintiffs exhibits P-7, P-8 and P-9 affords powerful circumstantial evidence that David L. Davis was the named insured under a policy issued by US Agencies Casualty Insurance Company which provided liability coverage with limits of 10/20 on three vehicles owned by Davis. It also provides powerful circumstantial evidence that it was one of those vehicles which was involved in the accident with plaintiff Guzzardo. It is thoroughly unexplained what role the mysterious Lyndsi D. Collins played in this accident, if any at all. The information that she was the owner was furnished by Davis, who had just committed the criminal offense of hit and run. It is incomprehensible why US Agencies would pay for an accident on behalf of Lindsi D. Collins when they did not insure her as the owner of a vehicle involved in the policy issued to Davis and where she was not a permissive driver of the vehicle and was neither the driver nor the owner of the vehicle involved in the accident., (sic) The most reasonable conclusion (not "assumption," as alleged by counsel in brief) is that she was a "red herring" created in this case by an untruthful David L. Davis. The lie was the basis for the plaintiffs pleadings, and plaintiff never amended the pleadings to conform with the facts of the case. That is to say, it was always David L. Davis who was the owner and operator of the vehicle involved in the collision, and no one else.
Under these circumstances, proof of his under insured status is satisfied with the introduction of P-7, P-8, and P-9. The burden of proof shifts to the defense, and no evidence to contradict his under insured status has been introduced by State Farm.
To the extent that the trial court relied on the burden of proof shifting to State Farm, it committed legal error. Ms. Guzzardo has the burden of proving the uninsured status of the offending motorist. See Dalton v. Allstate Ins. Co., 234 So.2d 455, 457-58 (La.App. 1 Cir. 1970). La. R.S. 22:1295(6) provides three methods for making prima facie proof by affidavit that the other vehicle is uninsured,[1] none of which were employed here. Without one of these methods, Ms. Guzzardo "has the burden of proving by other evidence that the offending vehicle was uninsured." Campbell v. American Home Assur. Co., 260 La. 1047, 1057, 258 So.2d 81, 84 (1972).
To the extent that the trial court found that Ms. Guzzardo proved the uninsured status of the offending motorist, we conclude the trial court committed manifest error. At best, Ms. Guzzardo has proved payment of Davis's policy limits of $10,000.00. Yet, Ms. Guzzardo's pretrial order states that she had "recovered $25,000.00 from [the] liability carrier. She never states that the $10,000.00 policy was the only liability insurance. Therefore, the record contradicts a finding that payment of the $10,000.00 policy limits proved Ms. Guzzardo's underinsured status.
Further, while it is possible that Collins was fictitious and Davis was the owner and operator of the offending vehicle as the trial court found, no direct evidence supports these findings, and the weight of the evidence suggests otherwise. Apparently, USAgencies and Ms. Guzzardo believed Collins was real. Their document released Collins along with Davis and USAgencies from liability. The release specifically stated that it was "in connection with or arising from the motor vehicle accident . . . involving a motor vehicle operated by DAVID DAVIS[.]" (Underline and bold added.) After she signed this release, Ms. Guzzardo testified in court that Davis was the driver and that Collins owned the offending vehicle. Also, Collins was specifically dismissed from this litigation. Further, Ms. Guzzardo failed to present evidence connecting any automobile, let alone one identified in Davis's insurance policy, with the accident. Accordingly, Ms. Guzzardo has failed to prove that additional liability insurance was unavailable to her.
To reverse factual findings under the manifest error standard, we must determine from the record that a reasonable factual basis does not exist for the finding and, further, that the finding is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Here, we conclude that Ms. Guzzardo failed to present essential proof to establish her underinsured status, entitling her to recover against State Farm, her UM provider. While the trial court made plausible inferences, such inferences do not establish her uninsured status by a preponderance of the evidence, especially in light of contradictory evidence in the record. We therefore conclude that the trial court was manifestly erroneous in finding that Ms. Guzzardo established her underinsured status.
We find merit in State Farm's first assignment of error. Accordingly, we will reverse the trial court's judgment and dismiss Ms. Guzzardo's petition against it with prejudice. For these reasons, we also pretermit discussion of State Farm's second assignment of error.

DECREE
We reverse the judgment of the trial court. It is ORDERED, ADJUDGED and DECREED that Lena Guzzardo's and Joseph M. Guzzardo's claims against State Farm Mutual Automobile Insurance Company in this matter be and are hereby dismissed with prejudice. Costs of this appeal are assessed to Lena Guzzardo and Joseph M. Guzzardo.
REVERSED; RENDERED
NOTES
[1] Louisiana Revised Statutes 22:1295(6) provides that compliance provides a prima facie case, shifting the burden to the insurer, ay follows:

(6) In any action to enforce a claim under (he uninsured motorist provisions of an automobile liability policy the following shall be admissible as prima facie proof that the owner and operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question:
(a) `[`he introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the dale of the accident in question. When the owner and the operator of the vehicle in question are the same person, this tact shall be attested to in a single affidavit.
(b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that inquiry has been made pursuant to R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security, or a sworn notarized affidavit by an official of the Department, of Public Safety and Corrections that said department has not or cannot make an inquiry regarding insurance, This affidavit shall be served by certified mail upon all patties fifteen days prior to introduction into evidence.
(c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that (he residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.
(d) The effect of the prima facie evidence referred to in (a), (b) and (c) above is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer.